CLIFFORD COLLINS, APPELLEE, V. CASUALTY RECIPROCAL EXCHANGE, APPELLANT.

FILED MAY 11, 1932. No. 28326.

*William E. Shuman,* for appellant.

*C. S. Beck* and *Halligan, Beatty & Halligan, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

DEAN, J.

This action was begun pursuant to the provisions of the workmen's compensation act by Clifford Collins against his employer, the Artificial Ice & Coal Company of North Platte, and its insurer, the Casualty Reciprocal Exchange, defendants herein, to obtain certain additional compen-

sation for the permanent partial loss of the use of the second finger of his right hand. From an order of the compensation commissioner awarding the plaintiff additional compensation in the sum of $14 a week from June 16, 1930, and for 12 weeks thereafter, the defendants prosecuted an appeal to the district court for Lincoln county wherein the order was affirmed. From the judgment so rendered the Casualty Reciprocal Exchange alone has appealed.

The insurance company contends that the court erred in entering any judgment against such company, and alleges that there is "no allegation in any pleading against said appellant and no evidence of any kind indicating any liability of the appellant." But the pleadings disclose that the insurance company was named a party defendant from the very beginning of the proceedings herein, and that the same counsel appeared for both the ice company and its insurer in the original hearing before the compensation commissioner and that such counsel now appears in this court in behalf of the insurer. No objections to the pleadings were made before the compensation commissioner, nor was any objection interposed or reference made on appeal to the district court in respect of this contention. And we have held: "Where a party fails to test the sufficiency of a pleading by demurrer or otherwise, and proceeds to trial on the merits on the theory that it tenders a certain issue, which is litigated and submitted to the jury, if by any reasonable construction of the language the pleading can be construed to raise such issue, it will be held to do so." *Frederick v. Buckminster*, 83 Neb. 135 And we likewise held: "When the sufficiency of a petition is not attacked until after judgment, all reasonable intendments should be indulged in support of the judgment." *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198; *Urban v. Brailey*, 85 Neb. 796. In a proceeding under the workmen's compensation act, an award need not necessarily be reversed in the supreme court on the ground that the compensation allowed was not within the issues, where such issues

were tried by the litigants without any objection to the pleadings.

The plaintiff filed his petition for additional compensation before the compensation commissioner in January, 1931, and the Casualty Reciprocal Exchange was the only party defendant named therein. On July 8, 1931, however, the plaintiff filed a motion to make his employer, the ice company, a party defendant and, on the same day, a voluntary appearance was entered by the company. The insurer argues that any defenses the employer may have waived thereby could not be extended to such insurer. It may be noted that the insurer was made a party defendant within a year from the month of June, 1930, when the latent injury culminated into permanent disability, while the voluntary appearance was not filed by the employer ice company until more than a year had elapsed. Under section 48-147, Comp. St. 1929, this provision is made, namely: "Jurisdiction of the insured for the purpose of this act shall be jurisdiction of the insurer; and that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against such insured." The statute appears clearly to provide that the insured and the insurer shall jointly be held liable. In view of the facts, we do not think the defense advanced in this respect is tenable.

The salient facts appear to be that, on or about August 26, 1929, the plaintiff was injured while in the employ of the ice company, and that he was in the act of lifting ice out of a truck when the ice tongs slipped and one of the prongs became imbedded in the middle joint of the second finger of his right hand. As compensation therefor, the plaintiff was awarded the sum of $56 for temporary total disability covering a period of four weeks and, in addition thereto, his medical and hospital expenses were paid by the insurance company. The plaintiff signed a receipt wherein he acknowledged settlement of any claim existing against his employer and, in the receipt, the Casualty Reciprocal Exchange was recognized as the insurer of the ice company.

The plaintiff was confined in a hospital for about a week after the occurrence of the accident and, upon his release therefrom, the injured finger appeared to have healed, with the exception that he was unable to straighten it and it was sensitive to the touch. But it appears that the plaintiff returned to his usual work in the latter part of September, 1929, and that his physician informed him that the finger would subsequently become normal if he continued in his work. And no indication appeared then nor was anything said about the finger becoming permanently stiff. In February, 1930, when the plaintiff's finger was again examined by his physician, no infection was discovered. But in May of the same year the finger had developed an infection, and the skin cracked and considerable pain had been thereby caused to the plaintiff.

The plaintiff's physician testified that when the plaintiff was discharged from his care his finger appeared to have entirely healed and there was then no evidence of acute infection. And he gave the plaintiff "to understand that the chances of that finger returning to normal were very good." It appears that some time in May, 1930, however, he discovered that the finger would be permanently stiff and he made a report of this fact to the insurer of the plaintiff's employer shortly thereafter. Another physician corroborated the evidence of the plaintiff's physician in respect of the percentage of permanent disability in the use of the plaintiff's finger. And thereafter, in January, 1931, and within a year from the time the injury culminated into permanent disability, the plaintiff filed his application for additional compensation.

The evidence discloses that neither the plaintiff nor his physician knew, at the time the compensation for the four-weeks' period following the injury was paid, that the injury was latent and that it would culminate in permanent disability. In fact, an examination of the plaintiff's finger five months after he was released from the hospital failed to reveal any infection therein. His physician apparently believed that the plaintiff's finger would

eventually straighten and that no permanent stiffness would result. And in view of the evidence and the law applicable thereto, we conclude that, where the plaintiff was awarded compensation for temporary total disability for the injury to his finger but such injury was latent and did not culminate in permanent disability for more . than six months thereafter, in such case he may recover for such permanent partial disability as then appeared, when he filed his application therefor within a year from the culmination of such injury. *Selders v. Cornhusker Oil Co.*, 111 Neb. 300; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609; *City of Hastings v. Saunders*, 114 Neb. 475; *Travelers Ins. Co. v. Ohler*, 119 Neb. 121. The judgment is

AFFIRMED.