EUGENE RAMSEY, APPELLANT, V. KRAMER MOTORS, INC., A CORPORATION, ET AL., APPELLEES.

52 N. W. 2d 799

Filed April 4, 1952. No. 33153.

*Hans J. Holtorf* and *Robert M. Harris,* for appellant.

*Lovell & Wiles,* and *Mothersead, Wright & Simmons,* for appellees.

Heard before MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Eugene Ramsey, plaintiff and appellant, against Kramer Motors, Inc., a corporation, Fireman's Fund Indemnity Company, incorporated, and Western Casualty and Surety Company, incorporated, defendants and appellees. The action is for the recovery of benefits which plaintiff claims are due him from the defendant Kramer Motors, Inc., his employer, under the workmen's compensation law. The date of the alleged accident which is the basis of the action is uncertain. The evidence indicates an occurrence at some time between July 25, 1950, and a date near November 6, 1950. The defendant Western Casualty and Surety Company was the workmen's compensation insurance carrier for Kramer Motors, Inc., to October 23, 1950, at 12:01 a. m. The defendant Fireman's Fund Indemnity Company was the compensation insurance carrier thereafter. Because of the uncertainty of the date of the alleged accident the two carriers were made parties defendant in the action. Hereinafter when the defendants are not mentioned together Kramer Motors, Inc., will be referred to as the defendant, Western Casualty and Surety Company as Western, and Fireman's Fund Indemnity Company as Fireman's.

The action was first tried before a single judge of the workmen's compensation court. An award was there made in favor of plaintiff. An appeal was taken from this award to the district court. The action was tried in the district court de novo. Following the trial the award of the workmen's compensation court was set aside and a judgment rendered dismissing plaintiff's petition with prejudice. From this judgment the plaintiff

has appealed. This judgment was dated September 10, 1951, and filed September 11, 1951.

The journal entry contained no findings except a general one in favor of defendants.

On motion of Western, which motion was filed November 13, 1951, the district court on November 13, 1951, by order made a nunc pro tunc finding as of September 10, 1951, that the alleged accident which is the basis of the action occurred on or about November 6, 1950.

Western and Fireman's were not parties to the action in the workmen's compensation court. They were made parties by order of the district court filed July 16, 1951, pursuant to request of the defendant. No objection to the application for and no exception to this order was taken at the time. The first exception thereto appears in the motion for new trial.

The plaintiff seeks a reversal on four grounds. He says (1) that the court erred in causing Western and Fireman's to be made parties defendant; (2) that the court erred in failing to find that plaintiff's disabilities were the proximate result of an accident arising out of and in the course of his employment; (3) that the court erred in not making findings to support the judgment; and (4) that the court erred in excluding testimony as to the nature and extent of plaintiff's injuries.

As to the first, plaintiff contends that he was required to meet three defendants instead of one and was thereby prejudiced. We pass over the question of the timeliness of the objection and limit our consideration to its merits. He points to no authority the effect of which is to say that these two companies were not, as to his alleged cause of action and his evidence in support thereof, proper parties defendant.

His theory appears to be that they were not necessary parties, therefore they were not proper parties.

It is true that neither of them was a necessary party. The workmen's compensation law clearly so indicates.

The workmen's compensation insurance carrier is bound by a judgment against the insured whether the carrier is a party to the action or not. In this connection section 48-146, R. S. Supp., 1951, contains the following: "* * * jurisdiction of the insured for the purpose of this act shall be jurisdiction of the insurer, and * * * that the insurer shall in all things be bound by the awards, judgments, or decrees rendered against such insured."

Another provision of this same section of the statute makes a workmen's compensation insurer directly liable to an accidentally injured employee of the insured. In reference to the insurance contract the statute provides: "Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name."

The promise contemplated is of course to respond to liability proved to exist under the terms of the contract in an action by an employee against the insurance carrier of the employer. The statute makes of the insuring agreement a primary obligation of the insurer to the employee of the insured.

It ought not therefore to be said that where one who has by law been made to primarily assume an obligation with another such one is not a proper party to defend against enforcement of the obligation. We hold that Western and Fireman's were properly made parties defendant and that the first assignment is without merit.

The determination upon the second assignment requires an examination of the evidence.

As to what occurred as the basis of this action there is no substantial dispute. As to when it happened there is not dispute but uncertainty. The matters of major importance are the conditions which followed the occurrence and their cause or causes.

On some day between July 25, 1950, and about November 6, 1950, the plaintiff, an employee of the defendant, and another employee were engaged in unloading crated automobile motors from a truck. These

motors were estimated to weigh from 300 to 500 pounds. The height of the truck from which they were unloaded was about $3\frac{1}{2}$ feet. The crated motors were between 3 and $3\frac{1}{2}$ feet in length. No information as to the other dimensions appears. As the crates were unloaded it appears that their length was crosswise of the truck. The unloading was onto a truck placed below the point of unloading. This truck was about 6 inches in height. With plaintiff at one end and the other employee at the other the crates were removed from the motor truck and down to the other truck which was there to receive them. Whether they were lowered by being carried downward or not is not made clear. The record is that they were eased to the lower truck.

As a crate was being lowered plaintiff says that he felt pain in the middle of his back somewhat below his belt line. His description indicates that it was not severe pain. He and his fellow employee testified that at the time he called the attention of the fellow employee to the pain. There was no evidence that he was disabled at the time. Apparently one or more crates were thereafter unloaded. The incident was not mentioned again to anyone until much later. Whether or not he called the attention of anyone to the matter before November 27, 1950, is not certain. On November 27 he was hospitalized and at that time and thereafter his condition came under the attention of several doctors.

Two doctors on behalf of plaintiff described his condition as a herniated intervertebral disc between the fifth lumbar and the first sacral segments of the vertebrae with disability which need not be described here. One doctor on behalf of the defendants likewise described it, and also described an arthritic condition which he found in close proximity. He said however that there was no aggravation of the herniation by the arthritis.

Significantly while the evidence of these witnesses of plaintiff and defendants is in substantial accord that

plaintiff has a disability and.as to its character, neither this evidence nor that of any other witness relates that disability, in the sense that it must be related to be subject to recompense under the workmen's compensation law, to the alleged accident of which plaintiff complains. None of these witnesses on the basis of a hypothesis or otherwise has testified directly or given it as his opinion that the herniation of this disc was produced or flowed from any accident occurring while plaintiff was in the employ of the defendant.

The court therefore could not properly do other than to fail to find that plaintiff's disabilities were the proximate result of an accident arising out of and in the course of his employment.

This conclusion renders unnecessary a consideration of the question of whether or not the occurrence complained of was an accident within the meaning of the workmen's compensation law.

The court found generally for the defendants and against the plaintiff. As is clear from what has already been said this was the only possible proper finding. It is true that there could have been elaboration but it is not pointed out how that could have been beneficial to plaintiff or failure in that respect could or did operate to his prejudice.

From an examination of the record in this case the findings of fact were the only ones which could have been properly made. They were consistent with and in support of the judgment. The third assignment is therefore without merit.

The fourth assignment challenges the propriety of the exclusion of the offered testimony of two doctors in explanation of the character and extent of plaintiff's injuries and disability on rebuttal.

Whether or not the rejection of the evidence thus offered on the basis of the objections made was error does not require consideration here. If it was error it was such without prejudice in view of the fact already

pointed out that there was an entire failure of proof of injury sustained by plaintiff in the course of his employment by the defendant.

The judgment of the district court is affirmed.

AFFIRMED.