VICTOR D. SHADA, EXECUTOR OF THE ESTATE OF NICHOLAS J. W. SHADA, DECEASED, APPELLEE, V. CARL WHITNEY, APPELLANT, IMPLEADED WITH MISSOURI VALLEY CONSTRUCTION COMPANY, APPELLEE.
109 N. W. 2d 167

Filed May 12, 1961. No. 34959.

*H. L. Blackledge,* for appellant.

*Ward W. Minor,* for appellee Shada.

*Tye, Worlock & Knapp,* for appellee Missouri Valley Constr. Co.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This is a workmen's compensation case. Nicholas J. W. Shada, the employee, was killed. The executor of his estate is plaintiff. The defendants are Carl Whitney and Missouri Valley Construction Company, a corporation. They will be referred to herein as Whitney and Missouri Valley.

The matter went to a hearing before one of the judges of the Nebraska Workmen's Compensation Court, resulting in a finding that Whitney was liable for the statutory compensation payments and dismissing Missouri Valley. On appeal to the district court by Whitney, a like judgment was rendered.

Whitney appeals here. He admits that Shada's death occurred during the course of his employment, the amount of wages, and the dependency of a son. He presents the sole question as that of the liability as between himself and Missouri Valley. He contends that Missouri Valley was in effect his insurer and should be determined equally liable with Whitney to the plaintiff and "fully liable to Whitney" for benefits accruing to the plaintiff.

We affirm the judgment of the trial court.

The facts of this case so far as important here may be briefly stated. Whitney was the owner of a number of gravel-hauling trucks and employed drivers for them. His system of payment included elapsed time when a truck was temporarily out of operation for mechanical or tire defects.

Missouri Valley operated trucks but did not pay on an elapsed time basis. Missouri Valley hired trucks from Whitney for use in hauling gravel. Whitney sent his drivers with the trucks. Whitney apparently assumed that Missouri Valley would pay the Whitney drivers while so employed. A written contract was prepared

and signed by representatives of the parties. Whether or not it became binding between the parties then or later is a question we need not decide. When the time came to pay the employees, Missouri Valley was apparently willing to pay the Whitney drivers; however it did not have the social security and withholding tax information that was necessary to prepare a payroll, and it also paid on a different time-employed basis as above indicated.

A representative of Missouri Valley discussed the matter with a representative of Whitney and it was agreed that Whitney would continue to pay his employees while in the service of Missouri Valley. Compensation between Whitney and Missouri Valley was to be adjusted accordingly. Shada was so paid. There is no contention here that he established an employer-employee relationship with Missouri Valley.

Shada was killed in an accident while so employed.

Whitney here states: "Although this is a workmen's compensation case, the issue to be determined is between the two defendants, and this presents a question of contract." That contract contention is that Missouri Valley became obligated by contract to idemnify Whitney; that both defendants should be determined to be liable to the plaintiff; and that Missouri Valley be determined to be liable to Whitney.

Whitney here relies upon our often repeated holding that "where a court has obtained jurisdiction of a cause for any purpose, it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters at issue, and thus avoid all unnecessary litigation."

Whitney here overlooks the fact that: The Workmen's Compensation Act creates new remedies, new rights, and new liabilities. The manner in which it operates is to be found in the legislation itself. Fidelity & Casualty Co. v. Kennard, 162 Neb. 220, 75 N. W. 553.

The Workmen's Compensation Act provides both for the substantive and adjective law. We are here, then,

presented largely with a question of adjective law. Are the construction of the contract and the liability of Missouri Valley to Whitney issues that may be determined in a workmen's compensation case?

Section 48-173, R. R. S. 1943, sets out the requirements of a petition in the compensation court. Section 48-176, R. R. S. 1943, provides that the answer shall admit or deny the substantial averments of the petition and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition. Thus the issues are framed that are to be determined in the action.

Here plaintiff's petition in the compensation court took the position that Shada was an employee of both Whitney and Missouri Valley at the time of his death. Whitney by his answer took the position that Shada was an employee of Missouri Valley and prayed for dismissal of the action as to him. Missouri Valley answering denied that Shada was its employee and prayed for dismissal of the action as to it.

Thus the issues were framed under the act.

The one judge of the compensation court who heard the matter under the provisions of section 48-178, R. R. S. 1943, held that Shada was an employee of Whitney and dismissed the petition as to Missouri Valley.

Rehearing before the compensation court was waived. Appeal was taken to the district court by Whitney under the provisions of section 48-181, R. R. S. 1943, where the court is authorized "to try, hear, and determine the cause as in equity" which "shall be a trial de novo."

Upon appropriate allegations Whitney prayed for a determination that he was not liable for compensation to Shada and that Missouri Valley was liable.

Missouri Valley answered and on appropriate allegations prayed for a decree that it was not liable and that Whitney was liable for compensation to plaintiff.

Plaintiff filed his petition in the district court wherein he alleged that Shada was an employee of both Whit-

ney and Missouri Valley at the time of his accidental death. He prayed for the relief to which he was entitled under the act.

Whitney appeals here under the provisions of section 48-185, R. R. S. 1943, where the cause is to be considered "de novo upon the record." Whitney here takes the position that because the cause was to be determined as in equity in the district court and here, that he has the right to a determination of the contract liability of Missouri Valley to him in this cause.

We think it obvious that our jurisdiction here is limited to those matters which were properly at issue in the compensation court and the district court. It is just as obvious that a compensation case cannot be used as a vehicle for bringing a question of contract interpretation as to whether Missouri Valley is liable to assume Whitney's obligation before the district court or this court for determination merely because the procedure is one "as in equity."

The district court and this court in hearing these matters are hearing them under appellate jurisdiction created and limited by the Workmen's Compensation Act. The decision which Whitney here seeks is one outside the jurisdiction so created.

This brings us to the application of the plaintiff for allowance of an attorney's fee. The affirmance of the judgment of the district court authorizes the allowance of an attorney's fee to the plaintiff for proceedings in this court under the provisions of section 48-125, R. R. S. 1943. Under the situation presented an attorney's fee is allowed plaintiff of $250 to be taxed as costs against the defendant Whitney.

The judgment of the district court is affirmed, and an attorney's fee allowed for services in this court.

AFFIRMED.