UNIVERSITY OF NEBRASKA AT OMAHA, APPELLANT, V.
THEODORE L. PAUSTIAN, APPELLEE.
212 N. W. 2d 704

Filed December 7, 1973. No. 39171.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellant.

James C. Cripe of Taylor, Hornstein, Peters & Cripe, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from an order of the District Court for Douglas County affirming an order of the Workmen's Compensation Court en banc, which in turn affirmed an order of a single judge of the compensation court, awarding the plaintiff under the provisions of section 48-125, R. R. S. 1943, 50 percent additional compensation for delinquent payments. The payments involved are those for the period November 29, 1971, to September 17, 1972.

The propriety of the award under the facts of the case is not an issue on this appeal. The only issue here is whether section 48-125, R. R. S. 1943, is unconstitutional because it authorizes the recovery of a penalty by a private individual contrary to the provisions of Article VII, section 5, of the Constitution of Nebraska. We affirm the award.

Section 48-125, R. R. S. 1943, provides in part as follows: "Except as hereinafter provided, all amounts of compensation payable under the provisions of this act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; Provided, fifty per cent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability." Article VII, section 5, of the Constitution of Nebraska, provides as follows: "All fines, penalties, and license money, arising under the general laws of the state, except fines and penalties for violation of laws prohibiting the overloading of vehicles used upon the public roads and highways of this state, shall belong

and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, except that all fines and penalties for violation of laws prohibiting the overloading of vehicles used upon the public roads and highways shall be placed as follows: Seventy-five per cent in a fund for state highways, and twenty-five per cent to the county general fund where the fine or penalty is paid."

Neither party has cited to us any opinion of this court in which we have considered the constitutionality of section 48-125, R. R. S. 1943, in the light of Article VII, section 5, of the Constitution. Our own research has disclosed no such case. Neither have we been able to find an opinion from any other jurisdiction where a similar statute and constitutional provision were considered.

The appellant relies primarily upon the holding of this court in Abel v. Conover, 170 Neb. 926, 104 N. W. 2d 684. There the court had under consideration and declared unconstitutional provisions of section 7-106, R. R. S. 1943, which provided for treble damages in an action for deceit or collusion. In that case this court analyzed many of the preceding cases, distinguished some of them, and placed primary reliance on Sunderland Bros. Co. v. Chicago, B. & Q. R. R. Co., 104 Neb. 319, 177 N. W. 156, on rehearing, 104 Neb. 322, 179 N. W. 546, and said: "The holdings of that case are: A statute which imposes a liability for actual damages and in addition thereto a penalty to be paid to the injured party is repugnant to section 5, Article VIII, now Article VII, of the Constitution, which requires all fines

and penalties arising under the general laws to go exclusively to the school fund. A statute which imposes liability for actual damages and additional liability for the same act provides a penalty." The court also said: "It is clearly within the province of the Legislature to provide for liquidated damages in favor of a private person, although in form a penalty, if the amount provided bears a reasonable relation to the actual damages which might be sustained and which damages are not susceptible of measurement by ordinary pecuniary standards. But where it appears that the provision provides for the payment of an amount clearly in excess of compensatory damages, it is a penalty and violates the due process clause of the Constitution when considered with Article VII, section 5, thereof. . . . Whether or not the granting of double or treble damages is in violation of the due process clause standing alone, it is a violation of such clause when considered with Article VII, section 5, of the Constitution. Since all penalties must go to the benefit of the common schools of the state, a penalty for the benefit of a private person is violative of the cited constitutional provisions."

It seems clear to us that our holding in Abel v. Conover, *supra,* has no application in this case. Where the court there refers to "liability for actual damages" it seems evident that it is talking about actual damages as determined under the rules of the common law as applied by this court. The opinion in that case was founded upon a premise which the court stated in the following language: "It has been a fundamental rule of law in this state that punitive, vindictive, or exemplary damages will not be allowed, and that the measure of recovery in all civil cases is compensation for the injury sustained."

The Workmen's Compensation Act creates rights which did not exist at common law and the Legislature may place such restrictions thereon as it sees fit. Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N. W. 139.

Compensation under the act need bear no relationship to actual damages resulting from the injury. See Micek v. Omaha Steel Works, 136 Neb. 843, 287 N. W. 645, where this court rejected the contention that the claimant was not entitled to compensation because his earnings were greater after the injury than before.

It can scarcely be denied that the various measures of compensation as prescribed by the Workmen's Compensation Act are not to be equated with the term "actual damages" as used by this court in Abel v. Conover, *supra*, in connection with the interpretation of Article VII, section 5, Constitution of Nebraska. Our point may be illustrated by the following examples: Subsection (1) of section 48-121, R. R. S. 1943, makes two-thirds of weekly wages the standard of compensation for total disability. Imposition of the added 50 percent compensation or "penalty" for delay would make the "damage" payment 100 percent. Subsection (3) of section 48-121, R. R. S. 1943, provides compensation for losses from injuries in the specified categories, the so-called schedule injuries, on a purely arbitrary formula, e.g., the loss of an arm is compensated at 66 2/3 percent of daily wages during 225 weeks. This obviously has no necessary relationship to "actual damages." These and the other measures of compensation provided for by the compensation act are by legislative fiat the "damages" which the workman is entitled to in cases which at common law afforded no compensation whatever.

We have no doubt that it was within the province of the Legislature to increase the compensation by 50 percent for delay in payment of compensation due periodically. This court has on some occasions referred to this imposition as a penalty. See Gill v. Hrupek, 184 Neb. 436, 168 N. W. 2d 377. However, the statute itself does not use this designation. The fact that we have used the word penalty in a context that has no reference to the constitutional provision which we have

under consideration does not make it so.

We hold that the provision of section 48-125, R. R. S. 1943, providing that "fifty per cent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability," does not impose a penalty payable to an individual within the prohibitions of Article VII, section 5, of the Constitution of Nebraska.

The appellee is awarded an attorney's fee in the amount of $450 for the services of his attorney in this court.

AFFIRMED.