THE OMAHA FISH AND WILDLIFE CLUB, INCORPORATED,
APPELLANT, V.
COMMUNITY REFUSE, INC., ET AL., APPELLEES.

302 N.W.2d 379

Filed February 20, 1981.   No. 43258.

Michael J. Mooney of McCormack, Cooney, Mooney & Hillman, P.C., for appellant.

Herbert J. Elworth of Casey & Elworth for appellees.

Heard before BOSLAUGH, CLINTON, and BRODKEY, JJ., and REIMER and HIPPE, District Judges.

HIPPE, District Judge.

The plaintiff sued for an injunction. The object was to stop the defendants from establishing a solid waste disposal area on lands zoned for other purposes. A demurrer was sustained, the case dismissed, and plaintiff has appealed. We reverse and remand.

The Omaha Fish and Wildlife Club, Incorporated, asserted in its amended petition that it owns 269 acres of real property in Cass County. It complains that the defendants began establishing a solid waste disposal area on 320 acres of land zoned by the county, but the zoning does not permit such a use. The petition acknowledges that the defendants secured a license for their endeavor from the Nebraska Department of

Environmental Control and that the Cass County board and zoning administrator have approved the site. The petition concludes that Neb. Rev. Stat. § 23-114.05 (Reissue 1977) establishes the right to an injunction. That statute provides: "The . . . use of any . . . land in violation of . . . any [zoning] regulation made by the county board . . . shall be a misdemeanor. . . . In addition to other remedies, the county board or the proper local authorities of the county, as well as any owner or owners of real estate within the district affected by the regulations, may institute any appropriate action or proceedings to prevent such unlawful . . . use . . . . Any taxpayer may . . . compel specific performance, by the proper official or officials, of any duty imposed by . . . this act . . . ."

The defendants are Community Refuse, Inc., Community Refuse Disposal, Inc., Regional Landfill Systems, Inc., and Ronald B. Roots. Their demurrer raises two points. First, defendants claim that enactment of the Environmental Protection Act, Neb. Rev. Stat. §§ 81-1501 to 81-1532 (Reissue 1976), exclusively governs operations relating to solid waste disposal. By making the Department of Environmental Control the licensor for such enterprises, a court is without subject matter jurisdiction in a suit such as this one. Second, they claim that the department is essential to a complete adjudication of this suit and that plaintiff cannot proceed without making it a party.

There are two issues raised: (1) Did enactment of the Environmental Protection Act divest district courts of subject matter jurisdiction to enjoin proposed solid waste disposal operations alleged to be in violation of county zoning ordinances? and (2) Are the Department of Environmental Control and/or county zoning officials indispensable parties in a suit against a licensee for a solid waste disposal area where the suit is to enjoin against an alleged violation of a county zoning ordinance?

The District Court agreed with the defendants on the first issue and sustained the demurrer. We disagree on both issues, and reverse and remand with directions to overrule the demurrer.

The statute pertaining to injunctions against a violation of a county zoning ordinance is clear. There must be such a procedure, because § 23-114.05 enacts it. In this way, county zoning ordinances are self-policing. Not only can the county officials begin a suit, but other "affected" owners of real estate also can do so.

Jurisdiction in suits for injunction are in the district courts. Neb. Const. art. 5, § 9. This cannot be legislatively limited or controlled. *Village of Springfield v. Hevelone*, 195 Neb. 37, 236 N.W.2d 811 (1975). Thus, even if the provisions of the Environmental Protection Act could be read to "preempt" the field, as defendants assert, that could not divest the District Court of its constitutional chancery jurisdiction.

Neither does the licensing by the Department of Environmental Control affect local zoning rules. The act itself states, in § 81-1516: "Nothing in sections 81-1501 to 81-1532 nor any act of the director shall usurp the legal right of a local governing body to develop and enforce local ordinances, codes or rules and regulations on solid waste disposal equal to or more stringent than [these] provisions . . . nor shall [they] relieve the applicant from obtaining a license from a local governing body when required or relieve the person owning or operating a disposal area from responsibility for securing proper zoning permits or complying with all applicable local ordinances, codes or rules and regulations not in conflict with the provisions of sections 81-1501 to 81-1532."

We therefore conclude that enactment of the Environmental Protection Act did not divest district courts of subject matter jurisdiction to enjoin proposed solid waste disposal operations alleged to be in violation of county zoning ordinances.

The demurrer was not sustained on the basis of lack of indispensable parties. The question has been briefed and argued, however, and was presented here for decision.

When this case was originally filed, it had two causes of action. One was against the developers for an injunction, and the case still has that form. The other was against the county officials to order their enforcement of the zoning ordinance. Certain of the defendants demurred for improper joinder. Apparently, without action by the trial court, the plaintiff filed an amended petition eliminating the individual county officials and left as defendants in the first cause of action only, the following: Community Refuse, Inc.; Community Refuse Disposal, Inc.; Regional Landfill Systems, Inc.; and Ronald B. Roots. Those remaining defendants now contend that all of the original named defendants should be parties, and, in addition, they claim that the Department of Environmental Control is an indispensable party to the suit. On the question of parties, these defendants have had three distinct positions.

First, they claimed that the county officials could not be included in the suit, so the plaintiff dismissed them out by filing an amended petition. They then filed a written demurrer claiming that the Department of Environmental Control had to be included. In argument on the written demurrer, they added that the county officials were likewise indispensable, and that position is advanced here.

If this controversy cannot be determined without additional parties, then the court must order them brought in. Neb. Rev. Stat. § 25-323 (Reissue 1979). The controversy here involves the use of land. That is all an alleged zoning violation can involve. Neither the county officials nor the Department of Environmental Control will be using the land. Neither the Department of Environmental Control nor the county officials have authority to adjudicate whether the

proposed uses will violate the zoning regulations. We have just held that the jurisdiction for that subject is constitutionally lodged in the District Court. Therefore, there is no reason for the presence of either in this case to get the controversy determined. Thus, the controversy can be determined without their presence, and should be.

The order sustaining the demurrer and dismissing the amended petition should be reversed, and the case is remanded to District Court with directions to do so.

REVERSED AND REMANDED WITH DIRECTIONS.