SHERMAN E. THOMAS, JR., APPELLEE, CROSS-APPELLANT, AND CROSS-APPELLEE, V. OMEGA RE-BAR, INC., APPELLANT AND CROSS-APPELLEE, EMPLOYERS CASUALTY COMPANY AND TEXAS EMPLOYERS INSURANCE ASSOCIATION, APPELLEES, CROSS-APPELLANTS, AND CROSS-APPELLEES.

451 N.W.2d 396

Filed February 16, 1990.    No. 89-052.

Norman Denenberg for appellant.

Walter E. Zink II, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees Employers Casualty and Texas Employers Insurance.

James E. Harris, of Harris, Feldman Law Offices, for appellee Thomas.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Omega Re-Bar, Inc. (Omega), appeals the majority decision of a three-judge Nebraska Workers' Compensation Court panel finding that Omega has no insurance to cover job-related injuries received by one of its employees in Omaha.

Even though the compensation panel majority held for them on the merits, the appellees Employers Casualty Company (Employers Casualty) and Texas Employers Insurance Association (Texas Employers) cross-appeal, claiming that the Workers' Compensation Court lacks jurisdiction under the Nebraska Workers' Compensation Act to determine insurance coverage issues as between insurers and employers.

In his appellee's brief, Sherman E. Thomas, Jr., Omega's injured employee, joins in and adopts the positions set forth in Omega's brief. In his cross-appeal, Thomas, a Nebraska resident, claims he is entitled to attorney fees and a penalty which he claims should be assessed against Texas Employers and Employers Casualty.

In this case of first impression, in which no party has raised any constitutional or common-law rights, we agree that the Workers' Compensation Court has no jurisdiction to determine workers' compensation insurance coverage disputes. We affirm the workers' compensation court panel's judgment against Omega in which Thomas was awarded workers' compensation benefits, attorney fees, and the penalty provided in Neb. Rev. Stat. § 48-125(1) (Reissue 1988). We find that Thomas is also entitled to attorney fees to be paid by Omega for services in this court and interest on the award. In view of our holdings, the appeal by Omega and the cross-appeal by Thomas must be dismissed.

It is undisputed that when Thomas was injured he was employed as an ironworker by Omega, a subcontractor performing re-bar work on a waste water treatment plant in Omaha. It is also undisputed that the injuries Thomas received arose out of and in the course of his employment on August 27, 1987, when he fell and a re-bar he was carrying struck his shoulder and back.

On September 8, 1987, Omega notified Texas Employers of Thomas' accident. Texas Employers denied coverage, claiming Omega's workers' compensation policy covered "Texas employees hired, working and living in Texas only." Omega had its principal place of business in Texas. It hired Thomas in Omaha to work in Nebraska, and that is where Thomas was injured.

As of October 27, 1987, Thomas, having received no compensation for his injuries from Omega, filed a petition in the Workers' Compensation Court against his employer. Upon Omega's request, that court added Employers Casualty as a party defendant. After a hearing, a single judge of the Workers' Compensation Court determined that Thomas was entitled to compensation benefits. The judge also determined that

Employers Casualty provided workers' compensation insurance coverage for the injuries sustained by Thomas.

The case was appealed to a three-judge panel of the Workers' Compensation Court. During the appeal, Texas Employers voluntarily became an additional party defendant. On rehearing, the three-judge panel held that it had jurisdiction to determine whether Employers Casualty or Texas Employers or both provided workers' compensation insurance coverage to Omega for the Omaha project. A majority of the panel ruled that neither Texas Employers nor Employers Casualty provided Omega with workers' compensation coverage in regard to Thomas' accident. At the time of the rehearing, Thomas still was unable to work. The Workers' Compensation Court panel found that Thomas was temporarily totally disabled. It ordered Omega to pay Thomas' past and future medical and hospital bills and provide Thomas workers' compensation benefits from the time of his injuries. Omega was allowed a credit of $3,000 which it had previously paid to Thomas. A waiting time penalty, together with $2,500 in attorney fees, was also awarded Thomas.

We reiterate that none of the parties dispute that Thomas' injuries arose out of and in the course of his employment with Omega. Similarly, none of the parties, including Thomas, contest the extent and amount of the compensation benefits awarded Thomas by the workers' compensation court.

In their cross-appeal, Texas Employers and Employers Casualty challenge whether the Workers' Compensation Court has subject matter jurisdiction to resolve a workers' compensation insurance coverage dispute. They argue that the Workers' Compensation Act only addresses workers' entitlement to benefits and employers' liability for those benefits. They are correct in contending that any potential liability of Texas Employers or Employers Casualty under Omega's workers' compensation policy does not affect the compensability of Thomas' claim or the liability of Omega.

Omega asserts that because the question relating to insurance coverage is ancillary to Thomas' right to compensation, the Workers' Compensation Court has jurisdiction to resolve the coverage dispute. Omega contends that this assertion is in

harmony with the concept that workers' compensation insurance is something more than an independent contractual matter between an employer and its insurance carrier.

It is initially noted that the parties cannot confer subject matter jurisdiction upon a judicial tribunal by either consent or acquiescence. *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987).

The Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984). Omega directs this court's attention to a number of statutes within the Nebraska Workers' Compensation Act which Omega contends provide the Workers' Compensation Court with jurisdiction to determine the question at hand, specifically, Neb. Rev. Stat. §§ 48-146, 48-146.02, 48-161, and 48-178.01 (Reissue 1988).

Section 48-146 provides that all policies insuring the payment of compensation under the Nebraska Workers' Compensation Act must contain a clause to the effect that jurisdiction of the insured for the purpose of the act is jurisdiction of the insurer and that the insurer is bound by the awards, judgments, or decrees rendered against its insured. The section merely requires the insertion of such a clause in the insurer's policy. It is not a grant of subject matter jurisdiction over insurance coverage disputes. The section's intent is to bind insurers to judgments rendered against their insureds.

There is nothing in § 48-146.02 which provides authority for the compensation court to resolve insurance coverage disputes. The statute simply authorizes the compensation court to conduct hearings to determine whether an insurance organization has failed to comply with obligations imposed by the Nebraska Workers' Compensation Act.

Section 48-161 provides that "[a]ll disputed claims for workers' compensation shall be submitted to the Nebraska Workers' Compensation Court for a finding, award, order, or judgment." This section begs the instant question, i.e., is a dispute over insurance coverage a "disputed claim for workers' compensation"?

The compensation court relied upon § 48-178.01 in finding

that there was subject matter jurisdiction to resolve insurance coverage issues. That section provides that whenever any petition is filed and the claimant's right to compensation is not in issue, but the issue of liability is raised between an employer and its carrier, the compensation court may order payment of compensation to be made immediately by the employer or carrier. Section 48-178.01 further provides that when the issue is finally resolved, the employer or carrier held not liable shall be reimbursed by the employer or carrier held liable. It appears that the intent of this section is to prevent a situation in which an injured worker or his or her survivors are not compensated for several months or even years due to the length of time it may take to resolve collateral insurance coverage disputes. There is no specific grant of authority to the Workers' Compensation Court to determine insurance coverage disputes.

Each of the statutes upon which Omega relies shares the same infirmity. None of them explicitly provide the compensation court with subject matter jurisdiction to hear insurance coverage disputes. When the right of an employee to an award is not at stake, many tribunals disavow jurisdiction, and this may occur when the insured and the insurer have some dispute entirely between themselves about the validity or coverage of the policy. 4 A. Larson, The Law of Workmen's Compensation § 92.42 (1989). Since there is no express grant of statutory authority, we hold that the Nebraska Workers' Compensation Court does not possess subject matter jurisdiction to resolve insurance coverage disputes.

Our holding in this case does not leave an injured worker without a remedy to collect his award. Thomas could have his judgment against Omega certified to the clerk of the district court and enforced against Omega as any other district court judgment. See Neb. Rev. Stat. § 48-188 (Reissue 1988). Thomas could also garnish the insurance carriers and have their liability determined by the district court. He could also file an action in district court directly against the insurance companies to determine their liability. See § 48-146. See, also, *Ramsey v. Kramer Motors, Inc.,* 155 Neb. 584, 52 N.W.2d 799 (1952).

There remains to be determined the amount of attorney fees and interest to be awarded Thomas for this appeal. The award

to Thomas has not been in dispute on this appeal. The authority for providing attorney fees and interest in workers' compensation cases is found in § 48-125, which provides in pertinent part:

> If the employer files an application for a rehearing before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court shall allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Supreme Court. . . .
>
> . . . When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained, computed from the date compensation was payable, as provided in section 48-119, at a rate equal to the rate of interest allowed per annum under section 45-104.01, as such rate may from time to time be adjusted by the Legislature. Interest shall apply only to those weekly compensation benefits awarded which have accrued at the time payment is made by the employer.

Omega has failed to obtain a reduction in the amount of the award in this appeal. Therefore, an attorney fee of $2,500 should be taxed as costs against Omega for the services of Thomas' attorney in this court. In addition, interest in accordance with § 48-125 should be assessed against Omega.

The determination by the Workers' Compensation Court that it had subject matter jurisdiction to resolve an insurance coverage dispute is reversed. Omega's appeal and Thomas' cross-appeal against the insurance carriers are dismissed. The award of the Workers' Compensation Court panel against Omega and in favor of Thomas is affirmed. Omega is further ordered to pay the sum of $2,500 for the services of Thomas' attorney in this court and interest in accordance with § 48-125.

AFFIRMED IN PART, AND IN PART DISMISSED.

FAHRNBRUCH, J., dissenting.

I respectfully dissent from the majority's conclusion that the

compensation court is without jurisdiction to determine insurance coverage disputes between employers and their workers' compensation insurance carriers.

While it is true that the manner in which the compensation court operates is to be found in the legislation itself, *Shada v. Whitney*, 172 Neb. 220, 109 N.W.2d 167 (1961); *Fidelity & Casualty Co. v. Kennard*, 162 Neb. 220, 75 N.W.2d 553 (1956), I disagree with the majority's narrow focus that the statutes must expressly provide the compensation court with subject matter jurisdiction over insurance coverage disputes. It is implicit in the Nebraska Workers' Compensation Act that the compensation court does possess such subject matter jurisdiction.

I start the analysis by remembering that the Workers' Compensation Act is remedial in nature and its purpose is to do justice to workers without expensive litigation and unnecessary delay. *Gill v. Hrupek*, 184 Neb. 436, 168 N.W.2d 377 (1969).

In establishing the Nebraska Workers' Compensation Court pursuant to article V, § 1, of the Nebraska Constitution, the Legislature granted the court "authority to *administer and enforce all of the provisions* of the Nebraska Workers' Compensation Act . . . except such as are committed to the courts of appellate jurisdiction." (Emphasis supplied.) Neb. Rev. Stat. § 48-152 (Reissue 1988).

Among the provisions that the workers' compensation court must administer and enforce are those imposing duties upon insurance carriers. Neb. Rev. Stat. § 48-146 (Reissue 1988) requires that a workers' compensation policy must contain an agreement that the insurer will promptly pay to the person entitled to the same all benefits conferred by the act. The agreement is to be construed as a direct promise by the insurer to the person entitled to compensation enforceable in the employee's own name. That section also requires that a policy contain a provision that jurisdiction of the insured (employer) shall be jurisdiction of the insurer and that the insurer shall in all things be bound by the awards, judgments, or decrees rendered against such insured. Neb. Rev. Stat. § 48-147 (Reissue 1988) provides that an employee entitled to benefits has the right to recover the same directly from the employer and

the right to enforce in his or her own name pursuant to § 48-146 the liability of any insurer who may, in whole or in part, have insured the liability for such compensation.

This court long ago held that § 48-147 appears clearly to provide that the employer and the insurer shall jointly be held liable for workers' compensation benefits awarded to an employee. *Collins v. Casualty Reciprocal Exchange*, 123 Neb. 227, 242 N.W. 457 (1932). We have also held, " 'The provision of the workmen's compensation law which makes the contract of an insurance carrier a direct promise enforceable in the name of one entitled to compensation benefits effectually makes of the carrier a proper party defendant in an action to recover benefits.' " *Peeks v. Ayers Auto Supply*, 157 Neb. 363, 369, 59 N.W.2d 564, 569 (1953).

Neb. Rev. Stat. § 48-178.01 (Reissue 1988) provides:

> Whenever any petition is filed and the claimant's right to compensation is not in issue, but the issue of liability is raised as between an employer, a carrier, or a risk management pool or between two or more employers, carriers, or pools, the Nebraska Workers' Compensation Court may order payment of compensation to be made immediately by one or more of such employers, carriers, or pools. When the issue is finally resolved, an employer, carrier, or pool held not liable shall be reimbursed for any such payments by the employer, carrier, or risk management pool held liable.

It defies logic to interpret this section as providing the compensation court with the authority to order an insurance carrier to make payment to an injured employee, yet, at the same time, construe the section as not providing subject matter jurisdiction to entertain insurance coverage disputes. How can a court order a carrier to make payment unless it has subject matter jurisdiction to determine whether the insurer has a policy to cover the work-related accident being litigated?

While there is no Workers' Compensation Act provision expressly granting the Workers' Compensation Court jurisdiction to determine insurance coverage questions, I interpret the act to grant, by implication, ancillary jurisdiction to the court to determine insurance coverage when the Workers'

Compensation Court grants compensation benefits to an employee and the question of insurance coverage is raised. Without jurisdiction to determine the liability of insurance companies, the compensation court cannot carry out its duties to administer and enforce *all* provisions of the Workers' Compensation Act pertaining to insurance carriers, as mandated in § 48-152. It follows that the compensation court by necessity has ancillary jurisdiction to resolve insurance coverage disputes under limited circumstances. This is in accord with the general rule that "when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, including . . . coverage of the policy at the time of injury . . . ." 4 A. Larson, The Law of Workmen's Compensation § 92.41 at 17-44 to 17-51 (1989). See, also, *Travelers Insurance Co. v. Hawaii Roofing, Inc.*, 64 Haw. 380, 641 P.2d 1333 (1982); *Southern Farm Bur. Cas. Ins. Co. v. Tuggle*, 270 Ark. 106, 603 S.W.2d 452 (1980).

From the insurer's standpoint, it seems rather strange that an alleged insurer is a proper party defendant in a workers' compensation action, *Peeks v. Ayers Auto Supply, supra,* and can raise every possible defense against a worker's claim, with the exception that it has no policy covering the accident.

It seems unjust that an employee must overcome any defense, other than insurance coverage, raised in the workers' compensation court by an alleged insurer, after which the employee is required to proceed in the district court to determine whether the alleged insurer has liability. That process frustrates the doctrine in *Gill v. Hrupek*, 184 Neb. 436, 168 N.W.2d 377 (1969), that the Workers' Compensation Act is remedial in nature and its purpose is to do justice to workers without expensive litigation and unnecessary delay.

In the majority opinion, there is mention that no party in this case has raised any constitutional or common-law right issue. I would only note in passing that we have held that the Workers' Compensation Act creates rights which did not exist at common law and the Legislature may place such restrictions thereon as it sees fit. *University of Nebraska at Omaha v. Paustian,* 190 Neb. 840, 212 N.W.2d 704 (1973).

I would hold that subject matter jurisdiction is vested in the Workers' Compensation Court to resolve insurance coverage issues, but only when such determination is *ancillary* to the resolution of the employee's right to compensation benefits.

WHITE and SHANAHAN, JJ., join in this dissent.