SALLY CURTICE, APPELLANT, V. BALDWIN FILTERS COMPANY, A
CORPORATION, ET AL., APPELLEES.

543 N.W.2d 474

Filed February 13, 1996.   No. A–95–375.

James E. Schneider, of Schneider Law Office, P.C., for
appellant.

Jay L. Welch and Douglas E. Baker, of Welch, Wulff &
Childers, for appellees.

HANNON, SIEVERS, and INBODY, Judges.

HANNON, Judge. ·
This is an equity action in which the plaintiff, Sally Curtice,
sought to have the district court find an oral settlement
agreement which she alleges to have entered into with two of
the defendants, her employer, Baldwin Filters Company, and its
workers' compensation insurance carrier, Liberty Mutual
Insurance Group, to be valid and to require the defendants to
submit the necessary documents to the Nebraska Workers'

Compensation Court. The district court sustained a demurrer both because it concluded it did not have jurisdiction and because the petition did not state a cause of action. The district court also concluded the petition could not be amended to cure the defects and therefore dismissed the case. Curtice appeals. We conclude that the petition does not state a cause of action because Curtice has an adequate remedy at law in the Workers' Compensation Court. We therefore affirm.

## PETITION

In summary, Curtice alleges that she was injured in the course of her employment with Baldwin and that a claims representative from Liberty Mutual called her attorney, and they agreed to settle Curtice's claim for the lump sum of $7,631.40. Curtice orally agreed to the settlement, and Baldwin and Liberty Mutual's attorney, defendant Jay L. Welch, ultimately drafted an "Application for Approval of Final Lump Sum Settlement" prepared for the signature of Curtice and the parties' attorneys, a "Receipt and Satisfaction" prepared for Curtice's signature, and an "Order Approving Final Lump Sum Settlement" prepared for Curtice's attorney to sign in approval and the workers' compensation judge to sign upon approval of the settlement. Welch also prepared an affidavit for Curtice to sign. Both Curtice and her attorney signed the application. Curtice also signed the receipt, and her attorney signed the order in the place provided. The application and the order were returned to Welch. However, for whatever reason, Curtice refused to sign the affidavit, and Welch refused to submit the settlement to the Workers' Compensation Court without the affidavit. Curtice maintained that the affidavit was unnecessary to complete the settlement and demanded that the settlement be submitted to the Workers' Compensation Court. Welch refused; this action ensued. The defendants' demurrer was sustained, and the case was dismissed as stated above. Curtice appeals.

## ASSIGNMENTS OF ERROR

Curtice alleges that the trial court erred in concluding (1) that the trial court lacked jurisdiction and (2) that the petition failed to state a cause of action.

## STANDARD OF REVIEW

■ A demurrer which challenges the sufficiency of the allegations is a "general demurrer," and in an appellate court's review of a ruling on such demurrer, the court is required to accept as true all facts which are well pled and proper and reasonable inferences of law and fact which may be drawn therefrom, but not conclusions of the pleader. *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994). In ruling on a demurrer, the petition is to be construed liberally; if as so construed, the petition states a cause of action, the demurrer is to be overruled. *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995).

■ Subject matter jurisdiction is a question of law for the court. *Miller v. Walter*, 247 Neb. 813, 530 N.W.2d 603 (1995). As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion. *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994); *Mackiewicz v. J.J. & Associates*, 245 Neb. 568, 514 N.W.2d 613 (1994). Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

## DISCUSSION

Most of the cases involving disputes over the proper place to proceed in suits involving workers' compensation claims naturally arise via an appeal from the Workers' Compensation Court. These cases are directly concerned with the jurisdiction of the Workers' Compensation Court. See, *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 476 N.W.2d 559 (1991); *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990); *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990). However, this case was commenced in the district court, and we are therefore concerned with the jurisdiction of the district court. We are only concerned with the jurisdiction of the Workers' Compensation Court insofar as it

affects the relief Curtice is entitled to receive, if any, in the district court.

Article V, § 9, of the Nebraska Constitution provides that "[t]he district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." "Jurisdiction in suits for injunction [is] in the district courts. Neb. Const. art. 5, § 9. This cannot be legislatively limited or controlled." *Omaha Fish and Wildlife Club, Inc. v. Community Refuse, Inc.*, 208 Neb. 110, 112, 302 N.W.2d 379, 380 (1981) (citing *Village of Springfield v. Hevelone*, 195 Neb. 37, 236 N.W.2d 811 (1975)). See, also, *State, ex rel. Wright, v. Barney*, 133 Neb. 676, 276 N.W. 676 (1937). Specific performance is an equitable remedy. *Bauer v. Bauer*, 136 Neb. 329, 285 N.W. 565 (1939). Curtice seeks an equitable remedy that she is constitutionally entitled to seek in district court. For reasons set forth below, we conclude that at least in this case, Curtice has an adequate remedy at law in the Workers' Compensation Court and that therefore Curtice is not entitled to an equitable remedy.

It is a long–established rule that neither a county court nor a district court has any original jurisdiction to determine the legality of a claim for workers' compensation. See *Duncan v. A. Hospe Co.*, 133 Neb. 810, 277 N.W. 339 (1938). The jurisdiction of the Workers' Compensation Court is based upon the provision in Neb. Const. art. V, § 1, which provides that the "judicial power of the state shall be vested in . . . such other courts inferior to the Supreme Court as may be created by law." "The Workmen's Compensation Act creates rights which did not exist at common law and the Legislature may place such restrictions thereon as it sees fit." *University of Nebraska at Omaha v. Paustian*, 190 Neb. 840, 843, 212 N.W.2d 704, 706 (1973).

"By statute the Nebraska Workmen's Compensation Court has exclusive original jurisdiction in actions arising under the Workmen's Compensation Act. [Citations omitted.] As a general rule declaratory relief is not available where a statutory remedy has been provided with another tribunal given exclusive jurisdiction over the action." *Peak v. Bosse*, 202 Neb. 1, 4, 272 N.W.2d 750, 752 (1978). By the same logic, equitable remedies

are not available where a statute provides an adequate remedy at law. *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. 49, 524 N.W.2d 562 (1994); *Southwest Trinity Constr. v. St. Paul Fire & Marine*, 243 Neb. 55, 497 N.W.2d 366 (1993). Therefore, if Curtice has an adequate remedy in the Workers' Compensation Court, she has an adequate remedy at law, and thus she cannot seek an equitable remedy.

Curtice has a claim under the Workers' Compensation Act, and that claim is disputed. It necessarily follows that the Workers' Compensation Court has jurisdiction over that claim. The alleged settlement agreement complicates matters.

Neb. Rev. Stat. § 48-161 (Reissue 1993) provides in part: "All disputed claims for workers' compensation shall be submitted to the Nebraska Workers' Compensation Court for a finding, award, order, or judgment." With the passage of 1990 Neb. Laws, L.B. 313, effective July 10, 1990, the Legislature included the following language as the next sentence in the statute: "Such compensation court shall have jurisdiction to decide any issue *ancillary to* the resolution of an employee's right to workers' compensation benefits." (Emphasis supplied.)

The legislative history of L.B. 313 reveals that the above language was added at the request of the Workers' Compensation Court after the decision of *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990). See Floor Debate, 91st Leg., 2d Sess. 10431 (Mar. 5, 1990). In *Thomas*, the majority held that absent express statutory language granting jurisdiction over a particular matter to the compensation court, the compensation court did not have jurisdiction to determine workers' compensation insurance coverage disputes. The addition of the jurisdiction to decide issues ancillary to the resolution of an employee's right was intended to give the Workers' Compensation Court jurisdiction that the *Thomas* case concluded it did not have. Black's Law Dictionary 86 (6th ed. 1990) defines "ancillary jurisdiction" as the "[p]ower of court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction of an action."

In this case, Curtice has a claim under the Workers' Compensation Act, regardless of whether that claim is deemed to be a direct result of an injury received in the course of her

employment or the result of a settlement which must be approved by the court. Therefore, the compensation court might have had jurisdiction to determine the validity of the alleged settlement agreement without the 1990 amendment to § 48–161, but it is clear that after that amendment which gave the court ancillary jurisdiction, the compensation court clearly had such jurisdiction.

We therefore conclude that Curtice has a remedy under the Workers' Compensation Act in the Workers' Compensation Court, and therefore she may not bring an action in the district court for the equitable remedy of specific performance. Strictly speaking, this is not a holding that the district court does not have jurisdiction. A district court has jurisdiction to maintain equity actions for specific performance under Neb. Const. art. V, § 9. Therefore, we conclude that under the allegations of the petition, Curtice has not stated a cause of action for specific performance because the petition shows she has an adequate remedy in the compensation court.

Having arrived at this conclusion, we need not consider the other issues argued by the parties.

## CONCLUSION

We therefore conclude that the petition does not state a cause of action and that the trial court was correct when it sustained the demurrer and dismissed the case.

AFFIRMED.