PARKSIDE MOBILE ESTATES, a limited partnership; and Earl M. Richardson, Thomas M. Richardson and Richard K. Mathews, individually and as general partners, Appellants,

v.

Guy T. LEE, et al., Respondents.

No. 50291.

Supreme Court of Minnesota.

June 20, 1980.

Robert W. Junghans, Minneapolis, for appellants.

Baudler, Baudler & Maus and William J. Baudler, Austin, for respondents.

Heard before ROGOSHESKE, PETERSON, and TODD, JJ., and considered and decided by the court en banc.

TODD, Justice.

This matter was previously litigated and appealed to this court. We affirmed the original trial court's order for a new trial on the issue of the amount of damages.[1] On retrial, the issue of whether plaintiffs intended to hook up to a municipal water supply was submitted to the jury over the objection of Parkside. The jury returned a verdict of no damage. We reverse.

1. The facts of this case are detailed in our prior opinion and will not be restated. Subsequent to the first trial of this matter, the original trial court clearly ordered that a new trial was to be had only on the issue of the amount of damages. We affirmed this order. One of the principal issues in the original trial was whether or not Parkside intended to hook up to a city water supply irrespective of the breach of warranty concerning the well water. In our opinion, we commented on this issue, stating:

Finally, defendants argue that there was no evidence at trial that would support an award of damages in any amount. Defendants rely on a grammatical construction of a sentence contained in a prospectus issued by Parkside Mobile Estates to support their position that plaintiffs had determined to hook onto the public water supply long before learning about any problem with the water supplied by the well. *Defendants' argument is without merit.* [Emphasis added.]

*Parkside Mobile Estates v. Lee,* 270 N.W.2d 758, 762 (Minn.1978).

In an accompanying footnote, we approved the measure of damages as set forth by the original trial court to be "the cost of curing the defect in the water supply, or the expenses incurred in the hook-up to the [municipal] water system." 270 N.W.2d at 762, n. 5.

We thereby expressly indicated that the only issue to be relitigated on retrial was the issue of the amount of damages suffered by Parkside.

■ Immediately prior to the new trial, the court and counsel met in chambers. Counsel for plaintiffs referred the trial court to the language of the original order for a new trial which clearly stated that the issue on retrial was the amount of damages. Plaintiffs' counsel also pointed to the above-quoted language of our opinion and requested that the trial court confine the retrial to the issue of the amount of damages as set forth in the footnote of our opinion. The trial court rejected the position of the plaintiffs and ordered that the issue concerning the intent of plaintiffs to hook up to the municipal water supply would be relitigated. This ruling is clearly erroneous.

Normally we would remand for a new trial in accordance with the directions of our original opinion and this opinion. However, during the course of this trial, the parties stipulated that plaintiffs' damages amount to $11,922.13.

■ 2. The only remaining issue is whether or not plaintiffs can claim, as additional damages, finance and interest charges incurred because plaintiffs did not have cash funds to pay for the hook-up charges. The trial court ruled that these are not proper items of damage as a matter of law. We agree. If the plaintiffs had paid cash for these improvements, the only interest recoverable would be the statutory judgment interest rate and not the market interest rate. We cannot adopt a different rule merely because the plaintiffs were unable to pay cash.

The order of the district court denying plaintiffs' motion for judgment notwithstanding the verdict or for a new trial is reversed. The matter is remanded to the district court with instructions to enter judgment for plaintiffs in the amount of $11,922.13, together with statutory interest from December 19, 1978, the date of the verdict in this case, to the present, and costs and disbursements.

Reversed and remanded.

ROGOSHESKE, Justice (concurring specially).

I agree that it was intended, both by the trial court and by our affirmance, that the

1. *Parkside Mobile Estates v. Lee,* 270 N.W.2d 758 (Minn.1978).

issue on retrial was the amount of damages. While evidence that plaintiff never intended to use the well water in question was arguably relevant on that issue on the theory that the measure of damages was the cost of connecting to the public water supply less the increase in value of the property so improved, a finding that plaintiff never intended to use the well water would not negate plaintiff's entitlement to some amount of damages. Surely, given defendant's liability, plaintiff was entitled to recover at least damages represented by the difference in value of the property bargained for and that in fact conveyed.