776 N.W.2d 493 (2009)
279 Neb. 74
R & D PROPERTIES, LLC, appellant,
v.
ALTECH CONSTRUCTION CO., defendant and third-party plaintiff, and
Thunn Construction, Inc., third-party defendant, appellees.
No. S-09-289.
Supreme Court of Nebraska.
December 24, 2009.
*494 Gregory C. Scaglione and Brenda George, of Koley Jessen, P.C., L.L.O., Omaha, for appellant.
Michael W. Pirtle and Francie C. Riedmann, of Gross & Welch, P.C., L.L.O., Omaha, for appellee Altech Construction Co.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

FACTUAL BACKGROUND
The underlying dispute in this case involves the construction of an office building in the "Altech Business Park" in southwest Omaha, Nebraska. R & D Properties, LLC (R & D), plaintiff, entered into a contract with Altech Construction Co. (Altech) for the construction. The building was completed, and R & D leased space in the building to various tenants. A tenant complained about a musty odor in its space, and eventually, mold growth was discovered in that space. R & D alleges that the mold was caused by excessive moisture in the building, which was in turn caused by defects in the design or construction of the building.
R & D sued Altech and Design Associates, Inc., the building architect, on several theories of recovery, including breach of warranty, negligence, and fraudulent misrepresentation. R & D pled damages composed of damage to the building, costs of retaining contractors to assess and repair the building, general damages, prejudgment *495 interest, administrative costs, attorney fees, and litigation expenses.
Altech filed a third-party complaint against Thunn Construction, Inc., a subcontractor on the project. Altech alleged that the deficiencies alleged by R & D were caused by Thunn Construction's work on the foundation and masonry of the building, and that Thunn Construction had agreed to indemnify Altech for claims and damages assessed against Altech by reason of its work. Altech also filed a cross-complaint against Design Associates. But the district court granted Design Associates' motion for summary judgment with respect to R & D, and Altech dismissed its cross-complaint against Design Associates without prejudice. Thus, two claims remained: R & D against Altech, and Altech against Thunn Construction.
The case went to a jury trial on R & D's claim against Altech. The jury returned a verdict for R & D in the amount of $520,303.32. Altech filed a motion for judgment not-withstanding the verdict, remittitur, or a new trial. Specifically, Altech argued that the court had erred in permitting the jury to consider evidence of interest paid by R & D on loans used to pay for the costs of repairing the building. Altech claimed that such damages were not recoverable under Nebraska law and that R & D had not pled that element of damages in its complaint.
The district court agreed with Altech that R & D's alleged interest damages were disclosed late. The court also concluded that interest paid on borrowed funds could not be recovered as damages for breach of contract, at least not above the statutory judgment rate. And because the determination of damages was intertwined with the extent of damage to the building and the necessity of all the repairs to the building, the court ordered a new trial on all issues. R & D appeals. We granted R & D's petition to bypass. We reverse the decision and remand the cause to the district court.

ASSIGNMENTS OF ERROR
On appeal, R & D assigns that the district court erred in (1) granting Altech's motion for new trial and vacating the judgment in favor of R & D and (2) overruling R & D's application for an award of prejudgment statutory interest and costs and vacating such requested award. Alternatively, R & D argues that the trial court erred in (1) not reducing R & D's judgment by $94,395.97 to $425,907.35 to adjust for the reduction in interest and (2) not limiting the new trial to the issue of damages.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]
A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.[2]
An appellate court reviews questions of law independently of the lower court's conclusion.[3]

ANALYSIS

Jurisdictional Issue.
Before reaching the legal issues presented for review, it is the duty of an *496 appellate court to settle jurisdictional issues presented by a case.[4] And this case first presents a jurisdictional issue, as Altech's third-party claim against Thunn Construction is still outstanding.
The jurisdictional issue in this case presents a conflict between Neb.Rev.Stat. §§ 25-1315(1) and 25-1315.03 (Reissue 2008). Section 25-1315(1) provides:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
In this case, the order granting a new trial was not certified as a final judgment under § 25-1315(1). Altech argues that as a result, the order is not appealable until Altech's claim against Thunn Construction is disposed of.
R & D disagrees and relies on § 25-1315.03, which provides:
An order entering judgment [notwithstanding the verdict] or granting or denying a new trial is an appealable order. The time for and manner of taking such appeal shall be as in an appeal from a judgment, decree, or final order of the district court in a civil action. On appeal from an order granting a new trial, upon a review of an order denying a new trial in the action in which such motion was made, or on appeal from the judgment, the appellate court may order and direct judgment to be entered in favor of the party who was entitled to such judgment.
R & D argues that § 25-1315.03 takes precedence here, such that the order granting Altech a new trial is appealable despite the fact that the judgment was not certified under § 25-1315(1).
To the extent there is a conflict between two statutes on the same subject, the specific statute controls over the general statute.[5] In this case, we have two statutes dealing with the finality and appealability of the order of a district court. The subject matter of § 25-1315.03 is limited to orders entering a judgment notwithstanding the verdict or granting or denying a new trial; we are presented with an order granting a new trial. On the other hand, § 25-1315(1) contains no language with regard to orders such as this. We therefore conclude that § 25-1315(1) is of more general applicability and that § 25-1315.03 is more specific. The more specific statute, § 25-1315.03, controls in this case. As such, the order of the district court granting a new trial is final and appealable.

Recoverability of Interest Paid as Damages.
On appeal, R & D argues that the district court erred in concluding it was *497 not entitled to recover, as an element of damages, the interest it paid on funds it borrowed to make repairs to its property during the pendency of this litigation. This court has never addressed whether interest paid on borrowed funds can be recovered as damages, though the issue has previously been presented to us.[6] On that previous occasion, we declined to reach the issue because we found that the proof presented regarding damages in that case was deficient. We find no such deficiency in this case and thus are squarely presented with whether such interest is recoverable. We conclude that because the Legislature has seen fit to provide for prejudgment interest in Neb.Rev.Stat. § 45-103.02 (Reissue 2004), the type of recovery sought by R & D in this case is not permitted.
In support of its argument that it should be entitled to recover the interest paid on borrowed funds, R & D contends that "[w]ithout an award of the interest expense, [R & D] is not made whole or compensated for losses it sustained."[7] But the purpose behind prejudgment interest statutes is to "ensure that an injured party is fully compensated."[8] It is the Legislature's function through the enactment of statutes to declare what is the law and public policy.[9] Where a mechanism with the specific purpose of fully compensating a litigant exists, we decline to provide a remedy beyond that established by the Legislature. We therefore conclude that the district court did not err in concluding it had erred when it initially admitted the evidence relating to the interest paid. We note that this conclusion is consistent with other jurisdictions that for various reasons have reached this same result.[10]
Though we conclude the district court was correct in determining that the interest evidence was inadmissible, we agree with R & D that the district court erred in granting a new trial. In its motion for remittitur, Altech requested that the verdict be reduced by $93,780.54; R & D now stipulates that the interest costs were actually $94,395.97. Given this agreement, we conclude that Altech's motion for remittitur should have been granted and that R & D's judgment should have been reduced by $94,395.97 to $425,907.35.

Prejudgment Interest.
Finally, R&D argues that it is entitled to prejudgment interest on the judgment, less the interest erroneously admitted. Section 45-103.02(1) provides that
interest as provided in section 45-103 shall accrue on the unpaid balance of unliquidated claims from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the entry of judgment if all of the following conditions are met:
(a) The offer is made in writing upon the defendant by certified mail, return receipt requested, to allow judgment to be taken in accordance with the terms and conditions stated in the offer;

*498 (b) The offer is made not less than ten days prior to the commencement of the trial;
(c) A copy of the offer and proof of delivery to the defendant in the form of a receipt signed by the party or his or her attorney is filed with the clerk of the court in which the action is pending; and
(d) The offer is not accepted prior to trial or within thirty days of the date of the offer, whichever occurs first.
A review of the record demonstrates that R & D complied with all of the requirements of § 45-103.02(1). As such, R & D is entitled to an award of prejudgment interest. We remand this cause to the district court for a determination of that prejudgment interest.

CONCLUSION
As an initial matter, we conclude that this court has jurisdiction over this appeal under § 25-1315.03. We also conclude that the district court was correct in concluding the interest paid on the money borrowed by R & D was not recoverable. However, we conclude that the district court erred in granting a new trial on all issues and instead should have granted Altech's motion for remittitur. Finally, we conclude that R & D was entitled to prejudgment interest on the jury award less the amount of the remittitur. We therefore reverse the district court's grant of a new trial and remand the cause with directions to grant Altech's motion for remittitur and to calculate prejudgment interest.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, J., not participating in the decision.
NOTES
[1] Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009).
[2] Lacey v. State, 278 Neb. 87, 768 N.W.2d 132 (2009).
[3] Anderson v. Houston, 277 Neb. 907, 766 N.W.2d 94 (2009).
[4] Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007).
[5] Sack v. Castillo, 278 Neb. 156, 768 N.W.2d 429 (2009).
[6] See Union Ins. Co. v. Land and Sky, Inc., 253 Neb. 184, 568 N.W.2d 908 (1997).
[7] Brief for appellant at 16.
[8] Milwaukee v. Cement Div., National Gypsum Co., 515 U.S. 189, 195, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995).
[9] In re Trust Created by Nixon, 277 Neb. 546, 763 N.W.2d 404 (2009).
[10] Cencula v. Keller, 180 Ill.App.3d 645, 536 N.E.2d 93, 129 Ill.Dec. 409 (1989); Parkside Mobile Estates v. Lee, 294 N.W.2d 327 (Minn. 1980). But see, St. Paul Structural Steel v. ABI Contracting, 364 N.W.2d 83 (N.D.1985) (decided under Minnesota law); Metropolitan Transfer v. Design Structures, 328 N.W.2d 532 (Iowa App. 1982).