778 N.W.2d 727 (2010)
279 Neb. 492
MIDWEST PMS and Federated Mutual Insurance Company, its workers' compensation carrier, appellants,
v.
Gary Dean OLSEN, employee, and Nationwide Agribusiness Insurance Company, appellees.
No. S-09-735.
Supreme Court of Nebraska.
February 26, 2010.
*729 Todd R. McWha, North Platte, and Luke T. Deaver, of Waite, McWha & Harvat, for appellants.
David A. Dudley, Lincoln, and Andrea A. Ordonez, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee Nationwide Agribusiness Insurance Company.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Under the Nebraska Workers' Compensation Act,[1] the Workers' Compensation Court has jurisdiction to decide disputed claims for workers' compensation and "any issue ancillary to the resolution of an employee's right to workers' compensation benefits."[2] In this case, the employee settled his claim, but one of his employer's insurers is still pursuing a claim of reimbursement from another insurer. The question presented in this appeal is whether the compensation court's ancillary jurisdiction extends to a claim between insurers when the employee's right to benefits is no longer disputed.

BACKGROUND
Gary Dean Olsen suffered an injury to his right shoulder on January 28, 2004, in an accident arising out of and in the course of his employment with Midwest PMS. At the time, Midwest PMS was insured for workers' compensation by Federated Mutual Insurance Company (Federated). All of Olsen's bills resulting from that injury were paid.
Olsen was injured again in late April 2005. At that time, Midwest PMS was insured for workers' compensation by Nationwide Agribusiness Insurance Company (Nationwide). Olsen filed a petition in the Workers' Compensation Court alleging *730 that the April 2005 accident arose out of and in the course of his employment with Midwest PMS, resulting in an injury to his left shoulder and an aggravation of injury to his right shoulder. Olsen sought permanent partial disability benefits.
Both Federated and Nationwide answered the petition. Federated paid indemnity and medical benefits to Olsen for injuries following the alleged 2005 accident, but filed a cross-claim in the Workers' Compensation Court against Nationwide, alleging that if Olsen suffered new injuries to either shoulder in 2005, then Federated should be reimbursed by Nationwide.
The case proceeded as far as a pretrial order, which provided that the issues for trial included whether Olsen suffered a compensable injury in 2005 and whether Federated was entitled to reimbursement from Nationwide. But those issues were never determined, because Olsen and Midwest PMS, through Nationwide, reached a lump-sum settlement agreement that was approved by the Workers' Compensation Court on September 17, 2008. Olsen's petition was dismissed without prejudice on September 19.
On October 8, 2008, Federated filed a petition in the Workers' Compensation Court against Olsen and Nationwide. We acknowledge that Midwest PMS is listed as a party on the petition and subsequent filings, but it is clear that Federated is representing its own interests, and for simplicity, we will refer only to Federated. In its petition, Federated alleged that if Olsen's 2005 right shoulder injury was a new injury instead of a progression of the 2004 injury, and if the 2005 left shoulder injury occurred in the scope and course of Olsen's employment, then Federated should be reimbursed by Nationwide for any indemnity or medical bills paid by Federated for either 2005 injury. Nationwide denied the allegations and alleged that the Workers' Compensation Court had no jurisdiction to decide the dispute between the insurers. Olsen filed an answer alleging that he had been paid all of the benefits to which he was entitled and that there was no controversy between Olsen and Midwest PMS.
The Workers' Compensation Court agreed with Nationwide. Both the single judge and review panel of the Workers' Compensation Court concluded that the court's ancillary jurisdiction did not extend to an action between two insurers when there was no employee's claim pending. The single judge dismissed the petition for lack of jurisdiction, and the review panel affirmed that dismissal. Federated appeals.

ASSIGNMENTS OF ERROR
Federated assigns, consolidated and restated, that the Workers' Compensation Court erred (1) in concluding that it did not have subject matter jurisdiction to determine an insurance coverage dispute between two insurers and to determine whether Federated should be reimbursed by Nationwide for payments made to Olsen and (2) in finding that it had no subject matter jurisdiction to decide whether there was a dispute between Midwest PMS and Olsen regarding unpaid benefits.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3] The meaning of a statute is also a question of law.[4] An appellate court reviews *731 questions of law independently of the lower court's conclusion.[5]

ANALYSIS
The Workers' Compensation Court's ancillary jurisdiction was enacted by the Legislature in response to this court's decision in Thomas v. Omega Re-Bar, Inc.[6] In Thomas, the claimant was injured while employed by a subcontractor performing work in Nebraska. The employer notified its workers' compensation insurer, but the insurer claimed that its coverage only applied to employees working in Texas. When the claimant filed a petition in the Workers' Compensation Court, the employer asked the court to add a different insurer as a party defendant. The Workers' Compensation Court found that the claimant was entitled to benefits, but determined that neither insurer covered the employer for the claimant's injuries.[7]
On appeal, we concluded that the Workers' Compensation Court did not have jurisdiction to resolve the coverage dispute. We rejected the argument that the Workers' Compensation Court had jurisdiction over ancillary issues, invoking the familiar proposition that the Workers' Compensation Court "is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute."[8] Finding nothing in the Nebraska Workers' Compensation Act that "explicitly provide[d] the compensation court with subject matter jurisdiction to hear insurance coverage disputes," we held that it did not have such jurisdiction.[9]
Three justices dissented, interpreting the Nebraska Workers' Compensation Act "to grant, by implication, ancillary jurisdiction to the court" to resolve insurance coverage issues.[10] The dissenters reasoned that an alleged insurer, as a party, should be able to raise the defense that it had no policy covering the accident. And the dissenters thought it unfair that the employee would be required to proceed in district court to determine whether the insurer had liability, causing expensive litigation and unnecessary delay. So, the dissenters suggested that the Workers' Compensation Court should have jurisdiction to resolve insurance coverage issues "when such determination is ancillary to the resolution of the employee's right to compensation benefits."[11]
In response, the Legislature amended § 48-161, abrogating Thomas and adopting the dissenters' language that the Workers' Compensation Court "shall have jurisdiction to decide any issue ancillary to the resolution of an employee's right to workers' compensation benefits." The legislative history of § 48-161 suggests that the amendment was made at the request of the Workers' Compensation Court and that the Legislature's primary concern was that a claimant's compensation might be delayed if the Workers' Compensation Court was unable to resolve ancillary issues that affected the claimant's ability to obtain benefits.[12]
*732 In Schweitzer v. American Nat. Red Cross,[13] we noted the amendment to § 48-161, and explained that the statute "was amended to vest the Workers' Compensation Court with the power to determine insurance coverage disputes in the claims before it, including the existence of coverage, and the extent of an insurer's liability." Under Schweitzer, there is little question that had the dispute in this case between Olsen and his employer not been settled, the Workers' Compensation Court would have had jurisdiction to determine which insurer provided coverage for any benefits Olsen was awarded. But Schweitzer does not answer the question presented here: Whether the court's jurisdiction over issues "ancillary to the resolution of an employee's right to workers' compensation benefits" terminates when the employee's right to benefits is no longer at issue.
On the one hand, it is clear from the legislative history and the Thomas dissent that the primary motivation for amending § 48-161 was to ensure that a claimant's benefits were not delayed by insurance coverage disputes that the Workers' Compensation Court could not resolve. That concern, obviously, is not implicated in a situation such as this, when the employee's benefits have been finally settled.
But on the other hand, an issue "ancillary to the resolution of an employee's right to workers' compensation benefits" is no less ancillary to that resolution before the employee has been paid than after. "Ancillary jurisdiction" is the power of a court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction of an action.[14] The Workers' Compensation Court's primary jurisdiction is exercised just as effectively by its approval of a lump-sum settlement as by a determination on the merits of an employee's right to benefits. And the claim at issue here rests on questions of fact regarding Olsen's injury that are generally decided by the Workers' Compensation Court.
Although Federated's petition did not identify a legal theory of recovery, it is apparent that Federated is alleging facts supporting a claim of subrogation. Generally, subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other.[15] It is the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.[16] The doctrine of subrogation applies where a party is compelled to pay the debt of a third person to protect his or her own rights or interest, or to save his or her own property.[17] To be entitled to subrogation, one must pay a debt for which another is liable.[18]
Here, Federated is alleging that Olsen's medical expenses should have been paid by Nationwide but that Federated paid them instead. Federated's right to recover from Nationwide is dependent upon Olsen's injury and his alleged right to recover for that injury from Nationwide *733 instead of Federated. Such allegations state a claim of subrogation.[19]
Under such circumstances, where one workers' compensation insurer is asserting a subrogated claim against another workers' compensation insurer, it could be argued that the claim falls within the Workers' Compensation Court's primary jurisdiction, not merely its ancillary jurisdiction.[20] But at the very least, Federated's claim is ancillary to the Workers' Compensation Court's exercise of jurisdiction over Olsen's lump-sum settlement with Nationwideor, more precisely, his settlement with his employer. We need not determine whether the district court could exercise jurisdiction over such a claim to conclude that the Workers' Compensation Court can. And we need not evaluate the merits of Federated's subrogation claim, in light of the settlement, to conclude that the Workers' Compensation Court has jurisdiction to consider them.
We hold that the final resolution of an employee's right to workers' compensation benefits does not preclude an issue from being "ancillary" to the resolution of the employee's right to benefits within the meaning of § 48-161. And we conclude that under the circumstances presented here, Federated's subrogation claim was ancillary to the Workers' Compensation Court's approval of the lump-sum settlement between Olsen and his employer, Midwest PMS. The Workers' Compensation Court erred in concluding otherwise. And having determined that Federated's first assignment of error has merit, we need not consider its argument that there was still a dispute between Olsen and Midwest PMS.

CONCLUSION
The Workers' Compensation Court had jurisdiction to consider the merits of Federated's claim against Nationwide, despite the fact that Olsen had settled his claim with his employer. The judgment of the Workers' Compensation Court is reversed, and the cause is remanded for further proceedings to consider Federated's claim on its merits.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WRIGHT, J., not participating in the decision.
NOTES
[1] See Neb.Rev.Stat. §§ 48-101 to 48-1,117 (Reissue 2004, Cum.Supp.2008 & Supp. 2009).
[2] § 48-161.
[3] R & D Properties v. Altech Constr. Co., 279 Neb. 74, 776 N.W.2d 493 (2009).
[4] Harvey v. Nebraska Life & Health Ins. Guar. Assn., 277 Neb. 757, 765 N.W.2d 206 (2009).
[5] R & D Properties, supra note 3.
[6] Thomas v. Omega Re-Bar, Inc., 234 Neb. 449, 451 N.W.2d 396 (1990).
[7] See id.
[8] Id. at 452, 451 N.W.2d at 398.
[9] Id. at 453, 451 N.W.2d at 399.
[10] Id. at 456, 451 N.W.2d at 401 (Fahrnbruch, J., dissenting; White and Shanahan, JJ., join).
[11] Id. at 458, 451 N.W.2d at 401 (Fahrnbruch, J., dissenting; White and Shanahan, JJ., join) (emphasis in original).
[12] See Floor Debate, L.B. 313, Committee on Business and Labor, 91st Leg., 1st Sess. 10431 (Mar. 5, 1990).
[13] Schweitzer v. American Nat. Red Cross, 256 Neb. 350, 358, 591 N.W.2d 524, 530 (1999).
[14] Curtice v. Baldwin Filters Co., 4 Neb.App. 351, 543 N.W.2d 474 (1996).
[15] Leader Nat. Ins. v. American Hardware Ins., 249 Neb. 783, 545 N.W.2d 451 (1996).
[16] Id.
[17] Chadron Energy Corp. v. First Nat. Bank, 236 Neb. 173, 459 N.W.2d 718 (1990).
[18] Leader Nat. Ins., supra note 15.
[19] See id.
[20] Compare, e.g., Schweitzer, supra note 13.