Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/03/2024 09:07 AM CST

- 272 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

Suzanna Averill, appellee and cross-appellant,
v. Omaha Public Schools, appellant
and cross-appellee.

___ N.W.3d ___

Filed November 26, 2024.    No. A-23-995.

1. **Workers' Compensation: Appeal and Error.** An appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. **Workers' Compensation: Evidence: Appeal and Error.** Admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion.

3. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

4. **Statutes.** The meaning of a statute is a question of law.

5. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.

6. **Workers' Compensation: Evidence.** Pursuant to Workers' Comp. Ct. R. of Proc. 10 (2024), for a medical report to be admissible, the report must be a medical report and be signed by a physician, surgeon, vocational rehabilitation expert, physical therapist, or psychologist.

7. ____: ____. Pursuant to Workers' Comp. Ct. R. of Proc. 10(A) (2024), an itemized bill is admissible; a document identifying purported expenses that is not an itemized bill is not.

8. ____: ____. Pursuant to Workers' Comp. Ct. R. of Proc. 10(A) (2024), a bill is an account or invoice from a medical provider or vocational rehabilitation professional.

- 273 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

9. \_\_\_\_: \_\_\_\_. Although the compensation court is not bound by the usual common-law or statutory rules of evidence, Workers' Comp. Ct. R. of Proc. 10 (2024) is an evidentiary rule that allows the compensation court to admit into evidence documents that would otherwise be inadmissible if those documents meet the requirements of that rule.

10. **Workers' Compensation: Evidence: Proof.** When an employee in a workers' compensation case presents evidence of medical expenses resulting from injury, he or she has made out a prima facie case of fairness and reasonableness, causing the burden to shift to the employer to adduce evidence that the expenses are not fair and reasonable.

11. **Trial: Evidence: Appeal and Error.** Erroneous admission of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Workers' Compensation Court: JAMES R. COE, Judge. Affirmed in part, and in part reversed.

Brian D. Moore, of Baird Holm, L.L.P., for appellant.

Richard J. Rensch, Sean P. Rensch, and Thomas C. Murphy, of Rensch & Rensch Law, P.C., L.L.O., for appellee.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Omaha Public Schools (OPS) appeals an award of the Nebraska Workers' Compensation Court awarding Suzanna Averill indemnity and medical benefits. It assigns numerous evidentiary errors and asserts that the compensation court acted outside its statutory jurisdiction when it ordered OPS to "recredit" Averill's paid sick days. Averill cross-appeals the compensation court's ruling sustaining OPS' objection to the admission of a "thumb drive" containing medical bills and records. For the reasons set forth below, we reverse the award of medical benefits in large part and affirm the remainder of the award.

- 274 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

## II. BACKGROUND

Averill is employed as a special education teacher for OPS. On August 31, 2017, she was kicked in the right kneecap by a student. Although she sought immediate treatment, her condition worsened, ultimately resulting in complex regional pain syndrome. Eventually, she developed diffused peripheral bilateral leg edema, chronic kidney disease, back pain, and hypokalemia. Her postinjury medical care was complicated and involved approximately 15 hospitalizations. In September 2018, she filed a petition in the compensation court seeking benefits for temporary and permanent disability, loss of earning capacity, and medical expenses.

Trial was held in August 2023. OPS contested the extent of Averill's injuries, but because neither party has appealed the nature and extent of Averill's injuries as found by the court, we do not detail the extensive medical information provided. Rather, this appeal focuses primarily on evidentiary rulings, the court's reliance upon certain exhibits and the exclusion of others, the court's authority to order reinstatement of sick time used by Averill, and the sufficiency of the court's award as it relates to Workers' Comp. Ct. R. of Proc. 11(A) (2024) (Rule 11). We therefore focus on these evidentiary issues.

At the beginning of trial, Averill offered 40 exhibits. Preliminarily, she offered a summary of the medical records because, according to Averill's counsel, the "evidence is voluminous, thousands of pages. Well, I mean, maybe not quite thousands, but hundreds of pages." The court sustained OPS' hearsay objection to the medical records summary and reprimanded Averill's counsel, saying, "If you wanted to give me a brief summary, you shouldn't have given me 4,000 pages of exhibits." When Averill's counsel advised the court it would also be offering a thumb drive of all the medical documents for the court's convenience, the court expressed frustration, stating, "I'm going to get this and this and the thumb drive? . . . . I'm going to hurt my back trying to be convenient for you."

- 275 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

Pertinent to this appeal, OPS objected to exhibit 26 (a summary of medical expenses prepared by Averill and her counsel), exhibit 27 (containing a summary of Averill's lost wages), exhibit 31 (thumb drive containing thousands of pages of medical records and bills), exhibit 33 (multipage document including cell phone screenshots of medical bills allegedly paid by a health insurer), exhibit 35 (subrogation letter from a health insurer), and exhibits 36 through 39 (liens from various health care providers).

As to exhibit 26, OPS objected on the basis of hearsay, foundation, and the compensation court's rules. See Workers' Comp. Ct. R. of Proc. 10 (2024) (Rule 10). Averill's counsel advised the court that exhibit 26 was a billing summary. When asked by the court if he had the actual bills, Averill's counsel responded that they were "in the thumb drive." He explained that he was just "trying to make this — I thought it was supposed to make it a little more compact and complete." The court received the exhibit over OPS' objection.

OPS objected on hearsay, foundation, and relevancy to the first two pages of exhibit 27, which were Averill's summary of lost wages. The court overruled the objection.

When Averill's counsel offered exhibit 31, the thumb drive, OPS objected, stating that it was "cumulative, duplicative. I think it violates Rule 14 of the court's rules of procedure." The court asked Averill's counsel why it had a thumb drive, to which counsel responded, "For completeness it is — it is a — he's not saying that it's not a copy of all the records that we subpoenaed in this particular case, all the medical records. He's not saying they're not relevant." The court reminded counsel that he had told the court that it had all the medical records before it in paper form, and counsel responded, "All the medical records, I think enough for you to make a decision, but this is in case you want to delve a little deeper into it. That's all." The court sustained the objection to exhibit 31. Averill's counsel then made an offer of proof that consisted of "what I already just stated on the record." The court retorted,

- 276 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

"I don't know if you need to make an offer of proof if everything in the thumb drive is what you've given me already. So how can you make an offer of proof on the documents you've given me already?" Averill's counsel responded, "I just want you to know that we're just objecting to it."

Regarding exhibit 33, a multipage document including cell phone screenshots of medical benefits allegedly paid, OPS objected on hearsay, foundation, and Rule 10. Counsel argued that it contained an unsigned clinical summary and that therefore, it was inadmissible. The court overruled the objection, indicating that it would give it the weight and credibility it is entitled to.

OPS made a global objection to exhibits 35 through 39, which were identified as medical liens. The objection was on hearsay, foundation, relevance, and Rule 10. Counsel's primary complaint was that the documents did not identify dates of service or medical providers and that they did not qualify as itemized bills under Rule 10. The court asked if the bills had been paid and if it had a listing of unpaid bills. Averill's counsel responded, "Yes. And you have the summary." The court received the exhibits, stating it would give them the weight and credibility they were entitled to.

In addition to the exhibits offered by Averill, OPS offered 18 exhibits, including an itemization of temporary and permanent disability payments made, which were received without objection. Thereafter, Averill testified. Relevant to this appeal, she testified that she did not receive temporary total disability (TTD) payments from OPS; rather, she was required to use her accrued sick time to cover time lost due to medical appointments and hospitalizations. No further evidence was adduced.

The compensation court entered an award detailing the various medical opinions offered by each party. It concluded that most of Averill's symptoms were a result of the work accident that occurred in August 2017, with the exception of Averill's upcoming ablation heart surgery and her heart

- 277 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

rhythm abnormalities (i.e., tachycardia). The court ordered OPS to pay the outstanding medical bills set forth in exhibits 26 and 33, "except those excluded by the Court in this opinion" and excluding any bill related to Averill's hysterectomy. It further ordered that OPS reimburse any third parties who paid any portion of the medical bills which the court found OPS liable for and that it pay the subrogation interest of Averill's health insurer and satisfy the liens identified in exhibits 35 through 40.

The court also ordered that "[t]o the extent that [OPS] has taken days that [Averill] has accumulated for sick leave in the course of her employment to pay for temporary or permanent indemnity those dates should be recredited to [Averill]." It further awarded a 15-percent loss of earning capacity and future medical expenses, with a credit to OPS for medical expenses and indemnity previously paid.

OPS appeals, and Averill cross-appeals.

## III. ASSIGNMENTS OF ERROR

OPS assigns that the compensation court erred in (1) admitting into evidence various exhibits, including (a) a medical summary (exhibit 26), (b) a summary of lost wages (exhibit 27), (c) cell phone screenshots and miscellaneous medical records (exhibit 33), and (d) medical liens (exhibits 35 through 39); (2) awarding payment of past medical expenses not supported by competent evidence that predated the injury or that were unrelated to the injury; (3) acting beyond its authority by awarding a "recredit" of paid sick days; and (4) failing to provide an award that allowed for meaningful appellate review.

Averill assigns on cross-appeal that the compensation court erred in sustaining OPS' objection to a thumb drive that contained, in part, her medical bills (exhibit 31).

## IV. STANDARD OF REVIEW

[1] An appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the

- 278 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Mosher v. Whole Foods Market*, 317 Neb. 26, 8 N.W.3d 733 (2024).

[2] Admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Fentress v. Westin, Inc.*, 304 Neb. 619, 935 N.W.2d 911 (2019).

[3-5] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Midwest PMS v. Olsen*, 279 Neb. 492, 778 N.W.2d 727 (2010). The meaning of a statute is also a question of law. *Id*. An appellate court reviews questions of law independently of the lower court's conclusion. *Id*.

## V. ANALYSIS

### 1. Evidentiary Rulings

Both OPS and Averill assign as error certain evidentiary rulings relating to medical expense exhibits. Because our analysis of OPS' assigned error on this issue is dependent upon Averill's assigned error, we address Averill's cross-appeal first.

### (a) Thumb Drive

Averill offered into evidence a thumb drive, which she described as containing "all of the medical documents," and a three-ring binder containing medical documents, which the court described as containing "4,000 pieces of paper." The court advised Averill that it planned to read "every word" that she had provided "in written paper form." It then inquired whether it needed "a thumb drive to do that too?" Averill's counsel responded "Judge, I don't know. I don't believe you would have to do that."

Prior to the offer of the thumb drive, Averill offered an exhibit that was incomplete. When the court inquired whether OPS had the complete document, OPS' counsel responded,

- 279 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

"We have all the medical, I think it's on the thumb drive," but he forewarned the court that he was going to object to the thumb drive. When Averill offered a medical expense summary, the court inquired of Averill's counsel whether "we have the bills," to which counsel responded they were on the thumb drive.

When Averill's counsel offered the thumb drive into evidence, OPS' counsel objected, stating it was cumulative and duplicative and violated "Rule 14" of the court's rules of procedure because the thumb drive contained documentary exhibits, but was not in paper form. The court reminded Averill's counsel that he had told the court that it had all the medical records in front of it, and Averill's counsel responded that the court had "enough" of the medical records to make a decision but that he was providing the thumb drive "in case you want to delve a little deeper into it. That's all." The court sustained the objection to the thumb drive.

Averill's assigned error on cross-appeal is as follows:

The compensation court erred when it essentially sustained [OPS'] objection to Exhibit 31 when it accepted [OPS'] explanation that Exhibit 31 was cumulative and duplicative, even though it was neither; whereas, had it been received, the Court would have seen that contained the exact medical bills and itemized billing records requested by the court and required by court rules.

Averill is correct that OPS objected, in part, because the thumb drive was cumulative and duplicative; however, Averill did not attempt to explain that the thumb drive also included medical bills that were not otherwise offered. Instead, Averill responded that the court had "enough" to make a decision and that the thumb drive was "in case [the court] wanted to delve a little deeper into it." Averill admits on appeal that the thumb drive contains "every Medical Record and all corresponding Itemized and treatment coded Medical Bills the parties discovered and exchanged during Discovery." Brief for appellee at 9. Therefore, OPS did not misrepresent that the thumb

- 280 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

drive was cumulative and duplicative to a large extent because many of those documents were before the court in other exhibits. Averill concedes that an "unfortunate communication error seems to have occurred as to Exhibit 31" but argues that OPS knew what bills it was responsible for. *Id*. However, it is the evidence at trial and not the information exchanged in discovery that must support a compensation award.

We agree that there was confusion surrounding the contents of the thumb drive, but Averill did not attempt to clear up that confusion by advising the court that the thumb drive contained documents not otherwise offered. And the confusion was compounded by compiling documentary exhibits onto a thumb drive. OPS objected to the thumb drive not only because it was cumulative, but because it violated the compensation court's rules. See Workers' Comp. Ct. R. of Proc. 14 (2024) (Rule 14). Rule 14(A) requires that multiple-page exhibits be stapled and numbered sequentially by the parties, and Rule 14(B) allows documentary evidence to remain in paper form. Rule 14(C) governs the use of media exhibits and includes digital video exhibits and digital audio exhibits. We read nothing in the rules of procedure that allows a party to compile thousands of documents onto a thumb drive as a single exhibit.

For the above reasons, we find no abuse of discretion in the court's ruling sustaining the objection to the thumb drive. We now turn to OPS' assigned errors.

### (b) Medical Bill Summary

OPS objected to Averill's offer of exhibit 26, which was a medical expense summary she helped prepare. At the time of offer, the court inquired whether "we have the bills," to which Averill's counsel responded, "They're in the thumb drive." But the thumb drive had not yet been offered into evidence. The court overruled the objection to the medical summary. However, as explained above, OPS' objection to the thumb drive was later sustained; thus, the supporting medical bills

- 281 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

were not received into evidence. OPS assigns it was error for the court to receive the medical expense summary into evidence. We agree.

Rule 10(A) provides in part:

> The Nebraska Workers' Compensation Court is not bound by the usual common law or statutory rules of evidence; and accordingly, with respect to medical evidence on hearings before a judge of said court, written reports by a physician or surgeon duly signed by him, her or them and *itemized bills* may, at the discretion of the court, be received in evidence in lieu of or in addition to the personal testimony of such physician or surgeon.

(Emphasis supplied.)

[6,7] Applying Rule 10(A) as it relates to physicians' reports, the Nebraska Supreme Court has held that for a medical report to be admissible, the report must be a medical report and be signed by a physician, surgeon, vocational rehabilitation expert, physical therapist, or psychologist. See *Johnson v. Ford New Holland*, 254 Neb. 182, 575 N.W.2d 392 (1998). Unsigned reports are not admissible. See *id*. Likewise, pursuant to the language of Rule 10(A), an "itemized bill" is admissible; a document identifying purported expenses that is not an itemized bill is not.

Exhibit 26 is a 22-page medical bill summary that lists providers, dates of service, amount billed, payments made, and balances. It does not identify what services were provided. In *Bortolotti v. Universal Terrazzo and Tile Co.*, A-17-1024, 2019 WL 446630 (Neb. App. Feb. 5. 2019) (selected for posting to court website) (*Bortolotti I*), the employee offered into evidence a summary of medical expenses to which the employer did not object. However, in its award, the compensation court refused to rely on the exhibit and several others because they were not "itemized bills" under Rule 10. Based on the testimony of the employee, however, the compensation court awarded him his out-of-pocket expense, but no other.

- 282 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

[8] On cross-appeal in *Bortolotti I*, the employee assigned error to the compensation court's refusal to rely on the exhibits for his remaining expenses. We found no merit to the assigned error because the exhibits were not "bills" under Rule 10. We explained:

> Merriam-Webster defines a "bill" as "an itemized account of the separate cost of goods sold, services performed, or work done: invoice." Merriam-Webster's Collegiate Dictionary 113 (10th ed. 2001). It follows, therefore, that under Rule 10, a bill is an account or invoice from a medical provider or vocational rehabilitation professional. Exhibit 37 is a printout from [a workers' compensation insurance provider] of the invoices it received for treatments provided to [the employee]. It does not show whether those treatments were for [the employee's] left shoulder. Exhibit 40 is a printout from [the employee's] health insurance provider detailing the expenses it paid for [the employee's] left-shoulder treatments. And exhibit 41 is [the employee's] summary of medical expenses related to his left-shoulder injury. None of these exhibits are accounts or invoices from a medical provider for services performed. So although these documents may provide detailed summaries of treatments [the employee] received, they are not "bills," and the compensation court did not abuse its discretion in declining to rely on them.

*Bortolotti I, supra*, 2019 WL 446630 at *7. We reversed the award of the employee's out-of-pocket expenses; however, on further review, the Supreme Court found that the employee's testimony, which was not reliant on the summary exhibit, was sufficient to support the award of the expenses. See *Bortolotti v. Universal Terrazzo & Tile Co.*, 304 Neb. 219, 933 N.W.2d 851 (2019). No further review was sought for the other denied expenses.

[9] As in *Bortolotti I*, exhibit 26 does not qualify as an "itemized bill" because it is not an account or invoice from a

- 283 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

medical provider, nor does it identify the services provided. And although the compensation court is not bound by the usual common-law or statutory rules of evidence, Rule 10 is an evidentiary rule that allows the compensation court to admit into evidence documents that would otherwise be inadmissible *if* those documents meet the requirements of Rule 10. See *Bower v. Eaton Corp.*, 301 Neb. 311, 918 N.W.2d 249 (2018) (holding compensation court did not abuse its discretion in excluding report signed by physician assistant because physician assistant is not within definition of "physician"). See, also, *Baucom v. Drivers Mgmt., Inc.*, 12 Neb. App. 790, 686 N.W.2d 98 (2004) (finding error in compensation court's receipt of exhibit that did not contain physician's signature).

[10] When an employee in a workers' compensation case presents evidence of medical expenses resulting from injury, he or she has made out a prima facie case of fairness and reasonableness, causing the burden to shift to the employer to adduce evidence that the expenses are not fair and reasonable. *Visoso v. Cargill Meat Solutions*, 18 Neb. App. 202, 778 N.W.2d 504 (2009). This differs from a negligence action in which the burden to prove fairness and reasonableness remains with the injured party. See *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017) (holding admissibility of medical bills dependent upon admissibility of expert opinion that they were fair, reasonable, and necessary). Given this more lenient burden, it is all the more important that the compensation court enforce the requirement of Rule 10 that medical expenses be contained in itemized bills. The summary nature of exhibit 26 precludes a determination of whether the expenses allegedly incurred resulted from Averill's work injury.

[11] Erroneous admission of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party. See *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016). We analyze whether admission of this exhibit prejudiced OPS in our analysis of OPS' second assignment of error below.

- 284 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

We recognize that the compensation court received the summary after having been advised by Averill that the supporting medical bills were contained in a different exhibit that would also be offered into evidence. However, the court had been advised by OPS that it would be objecting to that additional exhibit. Rather than receiving the summary "subject to" the receipt of the actual bills, or receiving it as an aid to the court, the compensation court received the summary as substantive evidence. For the reasons stated above, we find this to be an abuse of discretion.

(c) Lost Wages

OPS objected to the first two pages of exhibit 27, which contains a summary of Averill's lost wages compiled by Averill's counsel. The court overruled the objection. OPS assigns as error the compensation court's ruling; however, it does not present any argument in support of that assigned error. Accordingly, we do not address it. See *Brummer v. Vickers, Inc.*, 11 Neb. App. 691, 659 N.W.2d 838 (2003) (alleged errors that are not both assigned and argued in brief on appeal will not be considered by appellate court).

(d) Miscellaneous Medical and
Health Insurance Benefits

Exhibit 33 is a 26-page document that contains both signed and unsigned medical records from various hospitalizations and screenshots presumably representing costs billed to and paid by a health insurer. OPS objected to the exhibit on hearsay, foundation, and Rule 10. The court overruled the objection.

On appeal, OPS asserts that the medical records were inadmissible because they are unsigned and therefore do not comply with Rule 10. We note, however, that the discharge summary of February 12, 2023, contains an electronic signature of Dr. John J. Franklin. As to that record, we reject OPS' argument. The court makes no reference to the other medical records contained in exhibit 33, and therefore, we infer that it abided by its statement that it would "give [exhibit 33] the

- 285 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

weight and credibility it's entitled to" as it relates to those other medical records.

The compensation court specifically referred to exhibit 33 in awarding medical expenses. As previously stated, it ordered OPS to pay "the outstanding medical bills set forth as itemized more particularly in Exhibit 26 and Exhibit 33 except those excluded by the Court in this opinion." Exhibit 33 includes screenshots from an insurer's website identifying medical expenses, amounts billed, in-network discounts, amounts paid, and patient's responsibility. Averill testified that these pages represented billings from a November 13, 2022, hospitalization. However, the records from this hospitalization contained in exhibit 33 are not signed by a physician and therefore not admissible under Rule 10. Furthermore, even if we were to consider those records, they include treatment for tachycardia and chest pain, maladies which the compensation court determined were not work related.

Due to the nondescript nature of the medical expenses contained in exhibit 33, it is impossible to discern whether they are related to Averill's work-related injury. Consequently, the compensation court erred in admitting these exhibits.

(e) Subrogation and Medical Liens

OPS objected to exhibits 35 through 39 on hearsay, foundation, relevance, and Rule 10. These exhibits contain a subrogation interest and various liens for health care services. They are not the actual medical bills, but, rather, the liens, and contain some patient account statements. Prior to overruling OPS' objection, the court inquired of Averill's counsel whether it had "these bills somewhere else in the file," and Averill's counsel responded, "Yes. And you have the summary." But, as noted previously, the actual medical bills are not in evidence and the court abused its discretion in admitting the summary.

Exhibit 35 is a letter to Averill's counsel in which a health care insurer claimed a subrogation interest of $140,151.54. Attached to the letter is an 11-page summary identifying

- 286 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

the provider, claim number, diagnostic code, dates of service, charge, benefit amount, and outstanding benefit amount. No testimony was offered regarding this exhibit. The court ordered OPS to repay the insurer's subrogation interest contained in exhibit 35 "except those medical expenses specifically excluded by the Court in this opinion."

Neb. Rev. Stat. § 48-120(8) (Reissue 2021) requires the employer to reimburse "anyone who has made any payment to the supplier for services provided in this section. No such supplier or payor may be made or become a party to any action before the compensation court." Therefore, although the compensation court may have had the authority to order payment to an insurer for its subrogation interest, the underlying services must be reasonable and necessarily related to the work injury. See § 48-120(1)(a). Here, because there was no admissible evidence of the underlying medical expenses, it is uncertain whether the costs meet this requirement, and the court abused its discretion in receiving this exhibit.

Exhibits 36 through 39 contain physician liens from collection agencies. As with exhibit 35, exhibits 36, 37, and 39 do not contain the actual medical bills and therefore suffer from the same deficiency. Although exhibit 38 contains itemized statements supporting some of the claimed expenses, two statements contain services rendered prior to the work injury and one statement indicates services for "HIV" testing. An "Account Detail Listing" includes services rendered in 2004 and 2015, clearly prior to the work injury, and does not include the itemized statements upon which it is based. Due to the absence of supporting medical bills and documentation, the compensation court erred in receiving these exhibits into evidence.

## 2. PAYMENT OF PAST MEDICAL EXPENSES

The compensation court ordered OPS to pay to and on behalf of Averill "the outstanding medical bills set forth as itemized more particularly in Exhibit 26 and Exhibit 33 except

- 287 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

those excluded by the Court in this opinion." It also ordered OPS to repay the subrogation interest and the liens of various medical care providers as itemized in exhibits 35 through 40. OPS argues it was error for the court to order these payments without supporting itemized bills in evidence. We agree.

As stated above, the court abused its discretion in admitting the medical summary and other exhibits discussed above. Whether this constitutes reversible error depends upon whether OPS was prejudiced by the admission of the exhibits. See *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016). Without exhibit 26, the court had no evidence before it to substantiate Averill's claims for the medical expenses set forth therein; therefore, because the compensation court relied solely on exhibit 26 in awarding Averill medical expenses listed therein, its admission was prejudicial to OPS. Likewise, ordering OPS to pay the expenses contained in exhibit 33 and to repay the subrogation interest and health care providers' liens was an abuse of discretion.

It was incumbent upon Averill to present admissible evidence to support an award of medical expenses. Having found the court abused its discretion in admitting and relying upon exhibit 26, we reverse that portion of the award ordering OPS to pay the medical expenses listed in exhibit 26—with one caveat. OPS admits that two entries in exhibit 26 are supported by Rule 10 bills. Those expenses are contained in exhibit 40 and total $565. Therefore, OPS remains liable for those expenses. As to the other expenses awarded by the compensation court contained in exhibits 33 and 35 through 39, we reverse those portions of the award.

### 3. Recredit of Paid Sick Time Days

During trial, Averill testified that she did not receive any TTD benefits for the time she took off work to attend medical appointments or was hospitalized; rather, she used her accumulated sick time so she could continue to get paid. Averill offered an exhibit itemizing each hour of work missed due to

- 288 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

her injury. The exhibit revealed 759.55 hours of work missed, equating to 18.99 weeks. The court interjected that it did not "think [it had] the authority to tell OPS to reinstate her sick leave days." Averill's counsel responded, "Right."

Despite the compensation court's statement, in its award, it ordered: "To the extent that [OPS] has taken days that [Averill] has accumulated for sick leave in the course of her employment to pay for temporary or permanent indemnity those dates should be recredited to [Averill]." It also ordered OPS to pay 19 weeks of TTD at $817 per week (totaling $15,523) and credited OPS with indemnity payments paid to date, $20,294.25 of which was for TTD. OPS assigns that the compensation court acted without and in excess of its authority by ordering a "recredit" of Averill's sick leave.

[12] At oral argument, Averill's counsel confirmed his position was based upon the assumption that Averill was required to use sick leave instead of receiving indemnity benefits. He agreed that if the evidence reflected that OPS paid more in TTD benefits than the 19 weeks ordered, Averill was not entitled to a recredit of her sick leave benefit. Because the evidence shows that OPS paid TTD in excess of 19 weeks, Averill was not required to use accumulated sick leave in lieu of receiving indemnity benefits. Because the condition upon which a recredit was based did not exist, we need not decide whether the compensation court acted within its authority in ordering it. See *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

### 4. Well-Reasoned Opinion

OPS assigns that the compensation court's award does not provide for meaningful appellate review, in violation of Rule 11 of the Nebraska Workers' Compensation Rules. It argues that the court failed to delineate which expenses are compensable and failed to specify the evidence upon which it relied.

- 289 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
AVERILL v. OMAHA PUBLIC SCHOOLS
Cite as 33 Neb. App. 272

Because we have reversed the compensation court's award of nearly all medical expenses, we need not address this argument. See *Klingelhoefer v. Parker, Grossart*, 20 Neb. App. 825, 834 N.W.2d 249 (2013) (appellate court not obligated to engage in analysis which is not needed to adjudicate case and controversy before it).

## VI. CONCLUSION

The compensation court abused its discretion in admitting evidence that did not comply with the requirements of Rule 10; we therefore reverse the award of medical expenses with the exception of those expenses identified in exhibit 40 and specifically referenced herein. We otherwise affirm the award of the compensation court.

Affirmed in part, and in part reversed.